## In re ESTATE of POHLE v POHLE

Ohio Appeals, 6th Dist, Wood Co
No 461. Decided Feb 23, 1931

F. P. Reigle, Bowling Green, for plaintiff in error.

Fred Gribbell, Bowling Green, for defendant in error.

JUSTICE, PJ, CROW & KLINGER, JJ. (3rd Dist) sitting.

The facts are stated in the opinion.

CROW, J.

This is a proceeding in error to reverse the decision of the court of common pleas dismissing an appeal to that court from the probate court. The matter in the probate court which resulted in the judgment from which the appeal was taken, arose by way of exceptions to the final account of one Hanson, as executor of the estate of Mary Pohle, deceased, attacking items of credit for services of Hanson as executor, and for attorneys' fees paid by him.

The judgment in the probate court was entered December 27, 1929, and Hanson filed in the probate court a written notice of his intention to appeal, January 16, 1930. On January 25, 1930, Hanson filed in the probate court an appeal bond wherein $100.00 was named as penalty, which instrument was approved by the probate court on the day it was filed, though the exceptions were sustained in an aggregate sum largely in excess of double that amount.

Hanson did not file any appeal bond at all, other than the one we have mentioned, but he did give written notice of his intention to appeal within twenty days, as required by 11209 GC, where one appeals in the interest of his trust.

But Hanson did not appeal in the interest of his trust, and therefore was not excused from giving bond as 11209 GC, enacts. **57 Oh St 229.**

The section last referred to also makes part of the exemption from giving a bond the fact that the appellant "has given bond". In the will which appointed Hanson, the testatrix expressed the wish that the executor be excused from giving bond, and that desire was given effect by the probate court pursuant to 10607 GC.

Sec 11209 GC, contains no saving clause as to executors who have been excused from giving bond, and to imply such an exception would be to unwarrantedly enter the legislative domain.

The judgment must therefore be affirmed.

Justice, PJ, and Klinger, J, concur.