## WILSON In Re
## WILSON v WESTWATER, Admr

Ohio Appeals, 2nd Dist, Franklin Co

No 2293.  Decided March 28, 1933

B. F. Hughes, Columbus, for plaintiff in error.

James G. Westwater, Columbus, for defendant in error.

HORNBECK, PJ.

The petition sets up five grounds of error. We will discuss them generally. Plaintiff in error contends that as the Common Pleas Court has general jurisdiction on appeal in cases such as the instant case, the defendant in error, by his motion, subjected himself to the jurisdiction of the Common Pleas Court. The defendant in error, in the motion, very carefully avoided entering personal appearance and in appropriate language directed the motion solely to the jurisdiction of the court of the subject matter.

The general statute relating to an appeal from the Probate Court to the Court of Common Pleas, §11207 GC (§10501-51 GC) expressly provides, that:

"A person desiring so to appeal from an order, decision or decree of a Probate Court, within twenty days after it is made, must give a bond, executed to the adverse party, with one or more sufficient sureties to be approved by such court, and conditioned, that the party appealing will abide and perform the order, judgment or decree in the case of the appellate court, and pay all moneys, costs and damages required of, or awarded against him."

It is prerequisite to the perfecting of an appeal under this section that a bond be given conditioned as provided in the section and within the time therein fixed.

Appeal from the Probate Court to the Common Pleas Court, like error, is purely a statutory remedy. The procedure defined and outlined by statute must be strictly followed to effectuate the appeal. In **Browne, Assignee, etc. v Wallace, Assignee, etc., et, 66 Oh St 57**, opinion by the court, it is said at pages 57-58:

"As the right of appeal exists only by virtue of the statutes in order to give the appellate court jurisdiction the statutory provisions must be strictly followed."

In that case the court was pointing out the necessity of strict observance of the formal requirements of the statute requiring written notice to the court by a fiduciary of an intention to appeal under what was then §6408, R.S., now §11209, (10501-59) GC. If the appeal is to the personal interest of the fiduciary he must give bond. **Thomas, Administratrix v Moore, 52 Oh St, 200; Layer, Guardian v Schaber, Admr., 57 Oh St, 234; Biddle, Trustee v Phipps, 2 O. C.C., 61.**

In **Dennison and Neil, Executors, etc. v Talmage et, 29 Oh St, 433**, the court was considering the procedure on appeal from the Court of Common Pleas to the Supreme Court. In the second proposition of the syllabus, it is said:

"Where the law requires the appellant to give such appeal bond, or undertaking, the Court of Common Pleas from whose judgment the appeal is taken, has no power, by its order or otherwise, to dispense with the execution of the bond or undertaking, or to relieve the appellant from the obligation to give it, the court's power in that respect being limited to fixing the amount of the bond and designating the party to whom it shall be made payable."

The power of defendant in error is no greater than that of the court from which the appeal is prosecuted.

We are satisfied that the defendant in error by its motion to dismiss in Common Pleas Court could not have, in the form of the motion, subjected himself nor the subject matter to the jurisdiction of the Common Pleas Court.

If §11209, (§10501-59) GC, is controlling, then the plaintiff in error was not required to give bond and the motion should have been overruled. This seciton provides:

"When an appellant from an order, judgment, or decree, in or by any state court or tribunal is a party in a fiduciary capacity in which he has given bond in Ohio for the

faithful discharge of his duties, appeals in the interest of his trust, upon written notice to the court, within the time limited for giving bond, of intention to appeal, it shall be allowed without bond."

Three questions are raised by the terms of this statute. First, is the plaintiff a party in a fiduciary capacity? Second, does he appeal in the interest of his trust? Third, from what order does plaintiff in error attempt his appeal?

We seriously doubt if plaintiff in error, having been removed as executor, was a party in a fiduciary capacity when he sought to perfect his appeal. The notice of appeal in the Probate Court indicates intention of the executor to appeal the case to the Court of Common Pleas in his trust capacity. The precipe in Common Pleas is restricted to the transcript of entries pertaining to the exceptions to the account of the executor. The date of the final entry removing the executors was June 16, 1932. The entry sustaining the exceptions to the first account of executors was filed February 24th. It is thus apparent that the attempted appeal could not relate to the order on the exceptions to the account of executors because it was not within time. However, if the appeal could be said to have been within time, we are of opinion that an appeal by an executor from the sustaining of exceptions to his account is not in the interest of his trust, but a personal appeal. This is so determined in the case of **Collins, Executor v Millen, 57 Oh St, 289.**

There is then left the final question, namely, whether or not an appeal by an executor from an order of removal is an appeal in the interest of his trust. The court in Collins v Millen et, supra, determines that " 'in the interest of the trust' means 'for the benefit of the trust'."

Our attention is directed to **In Re Guardianship of Charity Ann Robinson, 45 O. C.C.R., 156, 35 O.C.D., 156,** the second syllabus of which reads:

"Such an order (terminating the guardianship) does not terminate the guardianship absolutely, until the right of appeal or any other statutory rights have lapsed; and inasmuch as it must be assumed that the guardian has no personal interest in the appeal, it will be regarded as taken in the interest of the trust and an appeal bond can not be required."

This authority is not, in our judgment, controlling of the present situation. The case cited related to an order of the Probate Court terminating absolutely the guardianship of an estate. Obviously, it might be to the distinct interest of an estate that guardianship be retained and the guardian might and should, with propriety, urge that the guardianship be not terminated. The removal of the guardian was merely an incident to the termination of the guardianship of the estate, and was but an effect of the principal action of the court. The removal of a guardian or an administrator is upon a different status. The law will presume that one individual is as well qualified to act as guardian or administrator as another. The right to continue as such administrator or guardian is personal.

**In Re Estate of Ferdinand Arkenberg, deceased, 1 O.N.P. (N.S.), 9,** is a well considered case, the opinion by Judge Mathers. At page 12 he says:

"No presumption of fact arises that the administrator of an estate is not beneficially interested. On the contrary, the presumption would rather be the other way."

Our attention has been directed by counsel for both parties to **67 Oh St, 464, In the Matter of the Estate of Plummer Sidwell, deceased.** Plaintiff in error, Judkins, administrator of Elma Sidwell, deceased, who, in her lifetime, had been executrix of Plummer Sidwell, died without making final settlement of the Plummer Sidwell estate. It thus became mandatory upon her administrator to file such account. To this account exceptions were filed by the administrator de bonis non with the will annexed of Plummer Sidwell, deceased, which exceptions were in part sustained. The administrator attempted to appeal from the order of the exceptions. The Common Pleas and Circuit Courts sustained a motion to dismiss for the reason that no bond was given by the administrator. The Supreme Court, reversing the lower court, held that the appeal was taken in a "fiduciary capacity." Distinction is easily made between the cited case and the instant case. Judkins had no personal interest whatever in setting aside the order of the Probate Court sustaining the exceptions to his account as administrator. The effect of the administrator sustaining his claim would clearly result to the benefit of the trust which he represented. He was not in the situation which would have been presented had Elma Sidwell, executrix, filed an account to which exceptions had been sustained and had attempted to perfect an appeal therefrom.

This is discussed and commented upon by Judge Spear, who wrote the opinion, at page 467:

"The fact . that, if Elma Sidwell herself were the party rather than her executor, she would be liable for the judgment and could not appeal without bond, is urged as an important consideration. It can not be of importance. Her appeal would not, in such case, be in the interest of the trust, but in her own interest; hence, she would not come within the terms of the statute."

We are of opinion that when a Probate Court orders the removal of an administrator, an appeal from such order may not be said, as a matter of law, to be in the interest of the trust and an appeal can not be perfected without the giving of a bond under the statute.

In Re Arkenberg, supra, it is said that:
"In determining whether this appeal is prosecuted for the benefit of the trust, this court can not go outside record and the original papers authorized to be used by §6409 GC," (now §11210, GC).

A consideration of the . original papers and orders, which it is proper to examine in the instant case, supports the judgment of the Common Pleas Court that this appeal is not in the interest of the trust but is to the personal interest of Mr. Wilson. It is not necessary to comment upon the subject matter supporting the conclusion. Suffice to say that the record is convincing.

Notwithstanding the able argument advanced by counsel for plaintiff in error and the citation of - numerous authorities, we are satisfied that in the instant case an appeal bond was necessary under the statute to perfect the appeal and that the motion as framed was properly sustained by the Common Pleas Court. The action will therefore be affirmed.

KUNKLE and BARNES, JJ, concur.