**FORNEY v FORNEY et**

Ohio Appeals, 2nd Dist, Greene Co

No 413.   Decided Dec 21, 1935

John W. Ratchford, Dayton, and F. L. Johnson, Xenia, for plaintiff in error.

Horace J. Boesch, Dayton, and Marshall & Marshall, Xenia, for defendant in error.

**OPINION**

By BODEY, J.

A transcript of the docket and journal entries of the Probate Court was filed in the Court of Common Pleas on April 26, 1935. The only original paper filed with this transcript was an entry dated April 5, 1935, which, according to its terms, modified an entry of the Probate Court which was dated March 11, 1935. The transcript of docket entries of the Court of Common Pleas which is before us includes the transcript of the Probate Court, the one entry of that court, and two entries and a motion for a new trial filed in the Common Pleas Court. No briefs have been filed by counsel. Counsel argued orally that a sale of real estate was had in the Probate Court under the provisions of §10510-10 GC. There is nothing apparent from the papers before us which would advise the court of the section of the Code under which the proceeding was had, except the references contained in the petition in error. The court is unable to determine the character of the questions involved in this case from an examination of the transcript of docket and journal entries which is before it. We do not know the basis for the modification of its former entry by the Probate Court when it ordered the purchaser to pay one-half of the purchase price, it having found that the purchaser was the owner of the undivided one-half of the property sold. Neither do we learn from the record why the Court of Common Pleas modified the order of the Probate Court when the same was submitted to it on appeal. The modification, however, was slight as to the subject matter involved. The Common Pleas Court said in its final entry:

"And it being found by this court that the purchaser of said premises was the owner of the undivided one-half interest in the property so sold, it is further ordered and the administratrix is hereby directed to accept a receipt from said purchaser for the sum of $1737.90 instead of the cash in said sum, and that said sum need not be paid in or distributed by this court. The court further provides said proceeding in all other respects. It is further ordered by the court that the plaintiff herein pay the costs of this proceeding."

In the absence of additional or original papers which would inform the court of the nature of the proceeding instituted in the Probate Court, we are unable to say that the Common Pleas Court erred when it modified the order of the Probate Court. It must be held in mind that the case was in the Common Pleas Court on appeal. The order entered by that court was an order de novo. If that court desired it could adopt any part of the order of the Probate Court which seemed to it to fit the occasion. Since the case was upon appeal the

Common Pleas Court could make an order for payment of costs which to it seemed just and equitable.

The plaintiff in error complains that the Probate Court erred in requiring the execution of a bond on appeal. §10501-59 GC provides in substance that when a party in a fiduciary capacity appeals in the interests of his trust and has previous'y given bond in this state for the faithful discharge of his duties, no further bond shall be required on appeal. The transcript does disclose that bond in the sum of $2000.00 had been given by the appellant to the approval of the Probate Court on February 7, 1935. Ordinarily, such a fiduciary would not be required to execute additional bond on appeal. However, it shou'd appear from the record that the fiduciary was prosecuting the appeal in the interest of his trust, that is, for the benefit of the trust. This question was disposed of in the case of Collins, Executor v Mil'en et, 57 Oh St 289, which was a case from Greene County. There is nothing in this record which discloses to the court the interest of the appellant. The court does not know whether she appealed for the benefit of the estate or for her own benefit. In the absence of such evidence in the record we cannot say that the Common Pleas Court erred in affirming the action of the Probate Court requiring bond on appeal. An examination of the entire record does not disclose that prejudicial error has intervened.

The judgment of the Common Pleas Court will be affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.