**WILSON ESTATE OF IN RE**

Ohio Appeals, 2nd Dist, Fayette Co

No 239.   Decided March 6, 1939

N. P. Clyburn, Washington C. H., and Troy T. Junk, Washington C. H., for appellant.

John B. Hill, Washington C. H. and Joseph H. Harper, Washington C. H., for appellee.

By GEIGER, J.

Samuel R. Renick, administrator de bonis non of the estate of W. H. Wilson, deceased, filed his first and final account in the Probate Court of Fayette County showing a balanced estate. Charles Wilson, an heir at law of W. H. Wilson, excepted to the account on four grounds, only the first of which engages our attention.  It is to the effect that the claim of Mattie E. Beeman is not a valid claim against the estate of W. H. Wilson, deceased, as W. H. Wilson was not indebted to Mattie E. Beeman in any amount during his lifetime nor is the estate indebted to Mattie E. Beeman in any amount.

The matter was heard by the Probate Court in which it was found that the first exception is well taken in part and is sustained and it was held by the court,

"Said administrator de bonis non is not allowed credit in the sixth item of his account for the sum of $6571.27 as claimed by him but should be and is allowed credit for the sum of $4499.03 and no more, and the court finds that there is now in the hands of the administrator de bonis non for distribution the sum of $2072.24."

The administrator de bonis non gave notice of his intention to appeal from the order of the court sustaining the first exception to his first and final account.  The matter came on for hearing upon the notice of appeal, and the Probate Court made the following order:

"* * * And it appearing to the court that said notice was filed within twenty days after said judgment, and that said administrator makes said appeal in the interest of the trust; it is therefore ordered that an appeal be and hereby is allowed without bond."

The matter was appealed to the Court of Common Pleas and Charles Wilson,

the exceptor, moved the court to dismiss the attempted appeal of the administrator de bonis non for the reason that the administrator has not given bond as required by law. This motion was heard by the Court of Common Pleas and the court found,

"And it is hereby considered and adjudged that the motion of Charles Wilson to dismiss said appeal be and the same is hereby sustained and it is ordered that said appeal be dismissed and the cause remanded to the Probate Court."

The administrator de bonis non gave notice of appeal to this court from the judgment rendered by the Court of Common Pleas, said appeal being on questions of law. The only question presented to this court involves the construction of §10501-59, GC. That section provides:

"When an appellant from an order, judgment or decree, in or by any state court or tribunal is a party in a fiduciary capacity in which he has given bond in Ohio for the faithful discharge of his duties, appeals in the interest of his trust, upon written notice to the court, within the time limited for giving bond, of intention to appeal it shall be allowed without bond."

The adminstrator is a party in a fiduciary capacity who gave bond for the faithful discharge of his duties and filed a written notice of intention to appeal and the sole question is whether or not the appeal is "in the interest of his trust".

W. H. Wilson died a resident of Fayette County, leaving a widow, Sarah C. Wilson, who was appointed executrix of her deseaced husband's estate. Upon her death, after filing an account, Samuel R. Renick was appointed administrator de bonis non and intervened in a partition suit, filing an answer alleging that there were unpaid debts owing by the estate of Wilson, deceased, amounting to $8500.00, and praying the court to pay him this sum

out of the proceeds of the sale of the real estate. The Court of Common Pleas in the partition case ordered the Sheriff to pay to Renick the sum of $7097.27, which sum, together with a small amount derived from the sale of the chattels, was accounted for by Renick in his first and final account to which the exceptions were filed. The Probate Court found that there was an undistributed sum amounting to $2072.24 in the hands of the administrator which he is ordered to distribute. There does not appear to be any other sum in which the estate might have an interest.

In the case of **Collins, Exr. v Millen, et, 57 Oh St 299**, it is held,

"Where one who is a party in a fiduciary capacity to an action or proceeding appeals from a judgment therein, affecting adversely his own pecuniary interest, he is required by §6408 R. S., to give an appeal bond."

This is an interesting case and is quite analogous to the case at bar. Judge Bradbury, delivering the opinion of the court, says in speaking of the phrase "appeals in the interest of his trust",

"Where exceptions have been filed to an account of an executor or other trustee, he is at once in respect to the matters to which the exceptions extend, placed in an attitude of hostility to the the trust estate. As to such matters the estate is in fact represented by the exceptors; they seek to add to it while his pecuniary interests tend to direct his efforts to its diminution. If they prevail in the contest the funds of the estate are increased; if on the contrary he is successful these funds are diminished."

The Court holds that it was the legislative intent that the administrator adversely interested should be required to give a bond in case he wished to protect a controversy carried on by him adversely to the estate and for his own pecuniary benefit.

The appellant urges that the matter

in hand falls within the case of **In the Matter of the Estate of Sidwell, 67 Oh St 464**, where it is held that where such executor desires to appeal from the judgment of the Probate Court sustaining the exceptions or part thereof he is by force of the statute allowed to appeal without giving bond provided he "has given bond within the state for the faithful discharge of his duties" and gives the proper written notice "within the time prescribed by the statute."

This is an interesting case and Judge Speer, delivering the opinion of the court, says,

"There is no warrant in the provisions of the statutes, and apparently none in reason, for the proposition that the executor's duty is wholly performed when he files an account. * * * His further duty is left, as it must always be left, where an account is assailed, to be determined by the exercise of a sound reasonable discretion. If the estate he represents appears to him, in the exercise of discretion and under the advise of counsel, to have been unjustly assailed and the judgment rendered against it to be wrong, it is as clearly incumbent upon such party in the faithful discharge of his duties, to use all reasonable means to defend the estate and correct the wrong as it would be were the estate in any other manner the subject of a wrong judgment."

Without further examining this opinion it is clear that the decision is based upon the fact that the estate was unjustly assailed and that the administrator had no personal interest of a pecuniary kind in the controversy. Judge Speer, in referring to Collins, Exr. v Millen, supra, states on page 469, in substance, that the main question there was as to the right of the executor to appeal without bond from a judgment sustaining exceptions to his account in which he charged himself with the receipt of certain moneys and claiming credits for payments made on behalf of the trust, and it is stated:

"Manifestly the test was: did he appeal in the interest of the trust which he represented? No other question was involved. In the present case the executor did not appeal in his own interest; he had no personal interest in the controversy, but his appeal was clearly in the interest of the trust which he represented."

It seems to us that the Sidwell case is clearly distinguishable from the case at bar.

This court in the case of **Wilson v Westwater**, decided March 28, 1933, **14 Abs 417**, had before it substantially the same question and it was there held:

"4. An appeal to the Court of Common Pleas by the executor from the sustaining of exceptions to his account by the Probate Court is not in the interest of his trust but a personal appeal, and therefore he is not relieved from giving bond."

It will be observed in the case at bar that the Probate Court, in passing upon the notice of appeal, held * * * "and it appearing to the court that said notice was filed within twenty days after said judgment, and that said administrator makes said appeal in the interest of his trust; it is therefore ordered that an appeal be and hereby is allowed without bond."

It might be urged that inasmuch as the Probate Court found that the appeal was in the interest of the trust and ordered that the appeal be allowed without bond, that order was sufficient authority for the appeal to proceed without the filing of the bond. In the Wilson case above cited, Judge Hornbeck quotes from the case of **Dennison, Exr. v Talmadge, 29 Oh St 433**, to the effect that where the law requires the appellant to give an appeal bond the court from whose judgment the appeal is taken has no power by its order or otherwise to dispense with the executing of the bond or undertaking or to relieve the appellant from the obligation to give it. See **Dennison, Exr. v Talmadge, 29 Oh St 433**. In the case of

Nolan, Exr. v Taft, 17 Abs 75, this court, through Hornbeck, P. J., held:

"2. Before one will be allowed, in a fiduciary capacity as executrix of a will to take an appeal without giving appeal bond (§10501-59 GC) she must show affirmatively that the appeal is prosecuted in the interest of the trust; it is not sufficient that the estate of the deceased would neither benefit nor suffer should the appeal be successful."

See also Forney v Forney, 21 Abs 216, opinion by this Court. The case of In re Estate of Pohle v Pohle, 9 Abs 510, had reference to an appeal from the judgment of the Probate Court on exceptions to the final account of Hansen, Exr., attacking items of credit for service of Hansen as executor and for attorneys' fees paid by him. The Court, through Crowe, J., stated:

"But Hansen did not appeal in the interest of his trust, and therefore was not excused from giving bond as §11209 GC, enacts. 57 Oh St 229."

See also as of interest, although not directly bearing upon the question, Thomas, Admr. v Moore, 52 Oh St 200; In the Matter of the Estate of Hinton, 64 Oh St 485; Brown, Assignee v Wallace, 66 Oh St 57; McCormick v Sells Co., 76 Oh St 83.

Courts have been inclined to so interpret appeal statutes as to give to litigants the right to secure a review of any judgment they may claim to be erroneous, but this inclination can not extend the right of the appellant beyond the plain terms of the statute.

In the case at bar it is apparent that the appeal was not in the interest of the trust, but in the interest of the administrator de bonis non.

Judgment of the Common Pleas Court affirmed. Cause remanded.

HORNBECK, PJ, & BARNES, J, concur.