## ASKINS v CHILCOTE et

Ohio Appeals, 3rd Dist, Van Wert Co

No 124.   Decided Feb 8, 1933

John I. Miller, Van Wert, for applicant.
Appellant, plaintiff, appearing personally and not by counsel.

## OPINION

By CROW, PJ.

It is quite clear that the only liability which could ever arise upon the bond would be for costs.

If concealment by appellant, of the sale of either piece or both pieces of real estate, constituted fraud, which point is unnecessary to decide, but assuming that it did, how stands the application for release of the surety from liability?  If he is entitled to be released at all, it must be because the bond is voidable by the surety, unless upon the theory of amendment, a new bond be ordered in lieu of the existing one.

The right of appeal for trial de novo, or upon proceedings in error, is not a natural one, but arises only by constitutional provision or statutory enactment, or both, and the steps necessary to an appeal rest on like foundation.  There is no inherent right in a court to take a case on appeal and there is no inherent power in the exercise of appellate jurisdiction, beyond that of the rule making and enforcing, excepting such power as is necessarily implied to

effectuate a disposition of the case or proceeding.

There is no rule of the Courts of Appeals of Ohio, governing bonds on appeal, and that subject could under no reasonable theory be embraced within implied powers.

There are many reported cases in Ohio permitting the amendment of appeal bonds pursuant to statutes in that behalf, one of which is §12232, GC, and another is §11363, GC.

The bond in appeal as the latter term is used in a technical sense in Ohio, must be given before the case can reach the appellate court.

The purpose of the motion in the case at bar is not to amend the bond nor is its purpose to require a new bond. Its object is to destroy the bond at least to the extent of further liability.

There is no constitutional provision and there is no statute which in terms or spirit contemplates relief such as is sought by the applicant, and therefore the application must be denied.

Whatever if any defense might lie in favor of the surety if an attempt were made to enforce the bond, is not a proper matter for mention here.

Before Judges
CROW, KLINGER and KINDER