**WEST TOLEDO FACTORY BUILDINGS, INC., Appellant, v. EVATT, Tax Commr., Appellee.**

Board of Tax Appeals, Department of Taxation of Ohio.

No. 7612.   Decided Aug. 8, 1944.

450

Stephen A. Mack, Toledo for appellant.

Thomas J. Herbert, Attorney General, Perry L. Graham Asst. Attorney General, Columbus, for appellee.

## ENTRY

This cause and matter came on to be heard upon the motion of the appellee to dismiss an appeal filed herein under date of October 6, 1943, from a final order of tax commissioner under date of September 13, 1943, denying an application theretofore filed by the appellant with the tax commissioner for the review and correction of an order made by said officer determining the taxable value of the issued and outstanding shares of stock for the tax year 1943. This cause was heard by the Board upon said motion, upon the notice of appeal to which the motion was directed, and upon the arguments and briefs of counsel.

Upon consideration of the case as thus submitted, the Board finds that sometime prior to the 13th of September, 1943, the tax commissioner in determining the value of the issued and outstanding shares of stock of the appellant corporation for purposes of the corporation franchise tax to be assessed against said corporation for the year 1943, disallowed a reserve set up by appellant in its corporation franchise tax report for said year with the result that the taxable value of its issued and outstanding shares of stock was so increased that the appellant was assessed the sum of $61.62 as a corpor-

ation franchise tax for said year instead of the minimum sum of $25.00 indicated by the value of the shares of said corporation as returned by it in its franchise tax report for said year. From the final order of the tax commissioner denying an application for review and correction with respect to this increased assessment, the appellant filed the appeal here in question.

The motion of appellee to dismiss this appeal is on the stated ground that the notice of appeal filed herein did not comply with the provisions of §5611 GC, as the same was amended by the act of April 2, 1941, effective July 4, 1941, which section relating specifically to appeals to the Board of Tax Appeals from final tax assessment orders made by the tax commissioner, provides, inter alia, as follows:

"Such appeals shall be taken by the filing of a written notice to that effect with the Board of Tax Appeals and with the tax commissioner within thirty days after notice of the tax assessment, reassessment, valuation, determination, finding, computation or order, by the tax commissioner, shall have been given or otherwise evidenced, as required by law. The notice of such appeal shall set forth or shall have attached thereto and incorporated therein by reference, a true copy of the notice sent by the commissioner to the taxpayer of the final determination complained of, and shall also specify the error or errors therein complained of."

Looking to the notice of appeal filed by appellant in this case, it is noted that the same specifies in sufficient detail the errors complained of by the appellant with respect to the final order of the tax commissioner in this case. However, this notice of appeal does not set forth a copy of the notice sent by the tax commissioner to the taxpayer of the final determination complained of, and neither is a copy of such notice attached to the notice of appeal and incorporated therein by reference, as required by the provisions of §5611 GC above quoted. In this situation the question for consideration and decision by this Board as to the effect to be given to the above quoted provisions of §5611 GC, and whether the failure of the appellant to comply with these provisions in the respect above noted in filing its notice of appeal, makes such attempted appeal fatally defective as against the motion of appellee to dismiss on the ground above stated. As to this it is noted that in the case of Atsaroff v. Evatt, 24 O O 257, this Board held that where a notice of appeal filed with

the Board of Tax Appeals as an appeal from a tax assessment refers to such assessment as the same was made by the tax commissioner and to the date and amount thereof, but does not either set forth or have attached thereto and incorporated therein by reference a copy of the notice sent by the tax commissioner to the taxpayer of the final assessment order complained of, as provided by §5611 GC, the appeal should be dismissed for want of jurisdiction in the Board to hear and determine the same. In the opinion of the Board on this question as the same was presented in said case, it is said:

"Although in the consideration of the question as presented it is recognized that appeal statutes are remedial in their nature and are liberally construed for the purpose of giving effect to the right of appeal thereby provided, yet effect must in every case be given to the terms of the act of the legislature providing for the appeal and prescribing the method or manner in which such appeal shall be effected. Touching this question, it is noted that in the case of **Collins, Executor v Millen, 57 Oh St 289, 292**, the court after adverting to the recognized rule that statutes providing for appeals are remedial and are to be liberally construed in favor of the right thereby given, said:

" 'We recognize, however, that the courts can dispense with no condition prescribed by statute, as necessary to perfect an appeal, and that the only field open to the display of liberality in this connection is, in the construction of the statutes that prescribe these conditions.' "

In this connection it may be said that although, generally speaking, a taxpayer is entitled as a matter of constitutional right to a hearing with respect to the validity and amount of a tax assessment made against him, either in a court of justice or otherwise as may be provided by law,—see **Hammond, Treas. v. Winder, 100 Oh St 433, 446; State ex rel. v. Jones, Aud., 51 Oh St 492, 516**,—a right of appeal, as such, depends wholly upon statutory enactment granting such right and prescribing the conditions upon which such right of appeal may be exercised, and the manner in which such appeals may be effected; and this is true whether such appeal is from the decision and judgment of a court or from an order made by an administrative officer. See **Browne v Wallace, 66 Oh St 57; Askins v Chilcote, 15 Abs 13**; State ex rel. v Hanousek, 19 O. C. C. 303; **Industrial Commission v Monroe, 111 Oh St 812, 813**. Touching this question the court in the case of Collins,

Execr. v. Millen, supra, said: "The right of appeal is statutory, and we must look to the statute to ascertain if it has been lawfully exercised. The party who seeks this right, must comply with whatever terms the statutes of the state impose upon him as conditions to its enjoyment." And in this connection it may be said, generally, that inasmuch as the right of appeal exists only by virtue of statutory enactment, it is necessary in order to give the appellate court or tribunal jurisdiction of the cause and matter appealed, that the appellant comply substantially, if not strictly, with the statutory requirements prescribed by law as to the time and method in and by which such appeal shall be perfected. Browne v Wallace, supra; Collins, Execr. v Millen, supra; McRoberts v Lockwood, 49 Oh St 374; Dennison v Talmadge, 29 Oh St 433; Daily, Admr. v Dowty, 52 Oh Ap 84, 87, 6 O O 180.

In the consideration of the applicable provisions of §5611 GC, above quoted, to the question here presented, it is pertinent to note that the related provisions in §5611 GC, as this section was originally enacted in and as a part of the Act of May 15, 1939, 118 Oh St 354 read as follows:

"Such appeals or applications shall be made by the filing of a written notice to that effect with the board of tax appeals and with the tax commissioner within thirty days after notice of the tax assessment, valuation, determination, finding, computation or order, or correction or redetermination thereof, by tax commissioner, shall have been given or otherwise evidenced, as required by law. The notice of such appeal or application shall set forth the tax assessment, valuation, determination, finding, computation or order, or the correction or redetermination thereof, complained of, and the errors therein complained of."

In its application to the question at hand, it is observed that the requirement of the provisions in this section as originally enacted was that the notice of appeal filed with the Board of Tax Appeals and that filed with the tax commissioner should "set forth" the tax assessment or order of the tax commissioner complained of. Following the original enactment of this section containing the provisions just quoted, counsel for the tax commissioner in the consideration of appeals filed with this Board under the provisions of said section, consistently maintained that the term or expression "set forth", as used in the applicable and above

quoted provision of the section, in itself imported the requirement that the assessment or order of the tax commissioner complained of should be in the notice of appeal, or that a copy of the same should be attached to the notice of appeal and be made a part thereof by appropriate reference in the notice of appeal itself; and the case of the **Buffalo Forge Company v Cleveland Steam Fitting and Supply Company, 82 Oh St 199,** was cited in support of this view. This view was not acceded to by the Board of Tax Appeals; and such view was definitely denied by the Supreme Court of this state in the case of **Trotwood Trailers, Inc. v Evatt, Tax Commr., 142 Oh St 197,** where that court on consideration of the above quoted provisions of §5611 GC, as originally enacted in and by the Act of May 15, 1939, held that a notice of appeal filed with the Board of Tax Appeals in a sales tax case, which notice of appeal merely referred to the sales tax assessment complained of by its serial number and to the total amount thereof, including penalty, and did not otherwise "set forth" such sales tax assessment and the errors therein complained of, was a sufficient compliance with the provisions of this section there under consideration, and conferred jurisdiction upon the Board of Tax Appeals to hear and determine the case presented to it on said appeal.

The Trotwood Trailers case was decided by the Supreme Court November 17, 1943, and, as above noted, involved a construction and application of the original provisions of §5611 GC, above quoted. However, sometime before the decision of the court in the Trotwood Trailers case, to wit, on April 2, 1941, the legislature, apparently cognizant of the questions arising under the original provisions of §5611 GC, amended this section as above noted herein. By this section, as amended, it is provided that a taxpayer or other person desiring to appeal to the Board of Tax Appeals from a final tax assessment order made by the tax commissioner, shall file a written notice of appeal in such case with the Board of Tax Appeals and with the tax commissioner within thirty days after notice of the tax assessment order complained of, shall have been given or otherwise evidenced, as required by law. "The notice of such appeal shall set forth or shall have attached thereto and incorporated therein by reference, a true copy of the notice sent by the commissioner to the taxpayer of the final determination complained of, and shall also specify the error or errors therein complained of." In construing the above quoted provisions of §5611 GC, as amended, we are required to assume that the legislature intended to effect some purpose in making the amendment. **Lytle v Baldinger 84 Oh St 1, 8.** And whether

the legislature by the amendment of the particular provisions here in question intended to change this provision in §5611 GC, as originally enacted, or intended only to make plain the meaning and intent of this provision, there can be no question as to the meaning and intent of this provision as amended. In this connection it is pertinent to note that while "the object of judicial investigation in the construction of a statute is to ascertain and give effect to the intent of the law-making body which enacted it, the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation. The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean that which it has plainly expressed, and hence no room is left for construction." **Slingluff .v Weaver, 66 Oh St 621.** See **Woodbury v Berry, 18 Oh St 456; Guear v Stechschulte, 119 Oh St 1, 7.** This provision of §5611 GC, in its application to a case of this kind, clearly provides that the appellant **shall** set out in his notice of appeal a true copy of the notice of the final order and tax assessment made by the tax commissioner, which was sent by said officer to the appellant, or attach a true copy of such notice to the notice of appeal and incorporate the same therein by appropriate reference.

In this situation it is the duty of the Board of Tax Appeals, as a quasi judicial tribunal—as of a court in like situation—to give effect to this statutory provision in accordance with its manifest terms with respect to the question here presented unless (1) the requirement of this provision is modified or otherwise affected by the Appellate Procedure Act, which act, except as to the amendment of then existing sections of the General Code, was enacted by **§12223-1 to 12223-49 GC** inclusive, (116 O L 104); or unless (2) this plain and unambiguous provision of §5611 GC, can be said to be merely directory in its application to a taxpayer or other person filing an appeal under the provisions of this section of the General Code. Aside from the recognized view that statutes in pari materia may be resorted to only where the statutory provision or provisions under consideration are ambiguous or doubtful in their meaning, **37 O Jur Sec. 336, p. 610,** it is to be observed that the application of the provisions of the Appellate Procedure Act to appeals of tax assessment orders

of the tax commissioner to the Board of Tax Appeals is expressly excluded by the provisions of the Appellate Procedure Act itself. In the first place, it is noted, an appeal of this kind is excluded from the provisions of the Appellate Procedure Act by §12223-1 GC, which section, among other things, defines an "appeal" within the purview of said act. As to this said section provides:

"The word 'appeal' as used in this act shall be construed to mean all proceedings whereby one **court** reviews or retries a cause determined by another court, an administrative officer, tribunal, or commission." (Emphasis ours.)

The tax commissioner is an "administrative officer"; and if it could be said that the Board of Tax Appeals is a "court", there might be some support for the view—but for the provisions of §12223-3 GC, hereinafter noted—that the provisions of the Appellate Procedure Act, particularly §§12223-4 and 12223-5, applied to an appeal of this kind. However, the Board of Tax Appeals is not a court and, consistent with constitutional requirements, it cannot be so considered. See **Hilton v State ex rel., 108 Oh St 233, 238; State ex rel. v Hutsinpiller, 112 Oh St 468, 475.** It appears, therefore, that the definitive provisions of this section of the General Code in and of themselves, exclude appeals of this kind from the purview of the Appellate Procedure Act. Morever, as touching this question, it is noted that §12223-3 GC, provides that: "Every final order, judgment or decree of a court and, when provided by law, the final order of any administrative officer, tribunal, or commission may be reviewed as hereinafter provided, **unless otherwise provided by law.**" (Emphasis ours.) As to this it is observed that in the provisions of §5611 GC, and related sections of the General Code, (see §§5395 and 5546-9a GC), constituting a part of the tax laws of the state, complete—and, we think, exclusive—provision is made for the appeal to the Board of Tax Appeals of tax assessment orders made by the tax commissioner. The appeal provided for by §5611 GC, is, therefore, a proceeding "otherwise provided by law" within the meaning of the provisions of §12223-3 GC, above quoted; and for this reason an appeal of the kind here in question is expressly excluded from the application of the Appellate Procedure Act. **State ex rel. v Atkinson, 138 Oh St 157, 160, 161.** Moreover, it is pertinent to note in this connection that there is no ambiguity or uncertainty as to the meaning of the language in this provision of §5611 GC;

and in this view there is no authority for resorting to a consideration of other statutes thought to be in pari materia. **Hough v Dayton Mfg. Co., 66 Oh St 427, 434; Mackenzie v State, 76 Oh St 369, 372, 373.**

It follows, therefore, that we are required to look to the provisions of §5611 GC—and to these provisions alone—to determine whether an appeal filed with the Board of Tax Appeals under the authority of this section has been perfected in such way as to confer jurisdiction on the Board to hear and determine such appeal. In this view we are required to give effect to the provision of §5611 GC, that such appeal shall be taken by the filing of a written notice to that effect with the Board of Tax Appeals and with the tax commissioner within thirty days after notice of the tax assessment or order made by the tax commissioner has been given to the taxpayer. Likewise, effect is to be given to the provision of this section that "the notice of appeal shall set forth or shall have attached thereto and incorporated therein by reference, a true copy of the notice sent by the commissioner to the taxpayer of the final determination complained of," unless this provision is to be considered as merely directory, and that the appellant may observe or ignore the same at his discretion without affecting the validity of his appeal or the jurisdiction and authority of the Board of Tax Appeals to hear and determine the same.

Obviously, the question whether this provision is to be considered mandatory, in accordance with the apparent intent of the language of this provision, or is to be taken as merely directory, is not to be determined by any gratuitous views of the Board of Tax Appeals or of the members thereof as to whether a provision of this kind should be considered mandatory or directory; but this question is to be determined in accordance with the intent of the legislature in the enactment of this provision, which intent is to be ascertained from a consideration of the language of this and of other related provisions of this section of the General Code, as amended by the act of 1941 read in the light of recognized rules of statutory construction applicable to questions of this kind, and in the light of the purpose of the legislature in the enactment of this provision in the language above quoted. Touching this question, it is noted that in the case of **Devine v State ex rel. Tucker, 105 Oh St 288,** it was held: "An act of the general assembly will not be regarded as directory of discretionary as to those upon whom it is intended to operate, unless such directory or discretionary

character clearly appears from the entire text of the act." Further, in this connection, it is observed that the provision here in question is not one directed to the Board of Tax Appeals and to the members thereof, indicating the time or manner in which the authority or jurisdiction conferred upon them as public officials is to be exercised; but this provision is apparently one relating to the power and jurisdiction of the Board and, furthermore, is a direction to the appellant as to the manner in which jurisdiction shall be invoked. This is thought to be a vital distinction supporting the view that this provision is to be considered as mandatory rather than as merely directory in character. People ex rel. Huff v Graves et al., State Tax Commission, 277 N. Y. 115; Schick v Cincinnati, 116 Oh St 16.

Further, with respect to the intent and purpose of the legislature in the enactment of this provision of §5611 GC, in the language above quoted, it has been noted herein that the related provision of §5611 GC, as originally enacted in the act of May 15, 1939, was somewhat ambiguous and uncertain as to the manner in which the appellant was required to identify the assessment or order of the tax commissioner in an appeal filed under the authority. of said section. This ambiguity and uncertainty persisted until the amendment of §5611 GC, by the act of April 2, 1941, above referred to. By this amendment of §5611 GC, the legislatures limited the right of appeal to the Board of Tax Appeals by providing that such appeal should be from a final determination or order made by the tax commissioner; which final determination or order of the tax commissioner, under other related sections of tax statutes, is to be made only after the tax commissioner has acted upon an application for review and redetermination or an application for review and correction of the tax assessment complained of. See §§5394, 5550, 5517 and 5546-9a GC. Under the provisions of §1464-3 GC, such final determination or order of the tax commisioner is required to be made by journal entry; and as contemplated by the provisions of §5611 GC, as amended, a copy of such final determination or order is in every case directed to the taxpayer or other person affected thereby. As above noted, the legislature by further amendment of §5611 GC, made provision as to the time and manner in and by which appeals can be taken to the Board of Tax Appeals from such final determinations and orders thus made by the tax commissioner. And with respect to the question here presented the legislature set this question at rest by specifically providing that the notice of appeal shall set forth or shall

have attached thereto and incorporated therein by reference, a true copy of the notice sent by the commissioner to the taxpayer of the final determination complained of. As to this, the evident purpose of the legislature was to require appellant's notice of appeal to be in such form that the Board of Tax Appeals on inspection of the notice of appeal filed with it, can know affirmatively that the order of the tax commissioner complained of therein is a final order which it has jurisdiction and authority to review.

These considerations lead to the view that the provision ▌ here in question is mandatory rather than directory in its purpose and effect. And as to this it may be observed that since the word "shall", as used in the first sentence of the above quoted paragraph of §5611 GC, limiting the time within which an appeal may be filed with the Board of Tax Appeals from a final order of the tax commissioner, is clearly mandatory in its effect, no reason is apparent for ascribing any other effect to the term "shall", as the same is used in the second sentence of the paragraph embodying the provision here in question. See Sanford Realty Company v Knoxville, 172 Tennessee 125, 131; **Rhodes v Weldy, 46 Oh St 234.**

As above noted herein, the notice of appeal filed by the appellant with the Board of Tax Appeals in this case did not either set forth or have attached thereto and incorporated therein by reference, a copy of the notice sent by the tax commissioner to the appellant of the final determination or order complained of in this appeal. And in this situation the Board of Tax Appeals is required to give effect to this statutory provision and sustain the motion of the appellee to dismiss the appeal filed by the appellant in this case. To ignore the applicable provision of §5611 GC, here in question, would be to read this provision out of the section. As to this, we are admonished that we have no authority to do anything of this kind. In the case of **Watson v Tax Commission, 135 Oh St 377, 380,** the court in its opinion in the case, said:

"It must be constantly kept in mind that courts have no legislative authority. It is the province of the courts only to construe and apply statutes. They are not authorized to enact, repeal or amend them. That is the function of the legislative branch of the government. If that which is enacted is not prohibited by the Constitution, the judgment of the Legislature is final and conclusive. It is, therefore, not the function of the court to determine and announce what, in its judgment, the statute under consideration should pro-

vide, but to ascertain, if there be ambiguity in its terms, what it does provide. 37 O Jur 490 et seq., Section 268 et seq., and cases cited."

Obviously, this admonition is one that may be likewise directed to an administrative and quasi judicial body, such as the Board of Tax Appeals. See **Steward v Evatt, Tax Commr., 143 Oh St 547.**

In conclusion it is pertinent to again note, perhaps, that although the case of Trotwood Trailers, Inc. v Evatt, Tax Commr., supra, was decided by the Supreme Court sometime after the enactment of the statutory provision here in question in and as a part of §5611 GC, as amended by the act of April 2, 1941, this statutory provision was not under consideration by the court in said case, which involved a consideration of the related provision of §5611 GC, as the same was originally enacted in and by the act of May 15, 1939. And if we attend to what was decided in the cited case, it must be concluded that there is nothing in the decision of the court in said case which in anywise affects the question presented to the Board of Tax Appeals in the case at bar. For it is elementary that even the syllabus in the report of a case decided by the Supreme Court is to be read in the light of the facts of the case, and is limited by the decision made by the court on such facts. See **Wittee v Lockwood, 39 Oh St 141, 145; Baltimore & Ohio Railroad Company v Baillie, 112 Oh St 567; Williamson Heater Company v Radich, 128 Oh St 124.**

Upon the considerations above noted and discussed, the motion of appellee to dismiss the appeal filed by the appellant herein is sustained; and it is by the Board of Tax Appeals considered and ordered that said appeal be, and the same hereby is, dismissed.