**AMERICAN RESTAURANT AND LUNCH COMPANY, Appellant, v GLANDER, Tax Commr., Appellee.**

. Board of Tax Appeals.

**No. 9700.** Decided February 19, 1946.

Ward C. Cross and Tom R. Bailey, Ashtabula, for appellant.

Hon. Hugh S. Jenkins, Attorney General and A. A. Cartwright, Assistant Attorney General, for appellee.

## ENTRY

This is an appeal from a sales tax assessment made by the tax commissioner against the appellant in the sum of $2987.59, including penalty, for the period from January 1, 1940, to December 31, 1943. The notice of appeal which was filed with this Board on January 29, 1945, reads as follows:

"The purpose of this letter is to furnish you the written notice required under §5611 GC, with reference to appeals from the final determination of the Tax Commissioner of Ohio, and to request a hearing upon said determination on appeal whereat said appellant may produce additional evidence. It is the desire of the appellant to have said hearing on appeal conducted, if possible, at Youngstown in Mahoning County.

"This appeal is taken on the ground that the decision of the Tax Commissioner is contrary to law; that it is unreasonable and unlawful; that it is not sustained by the evidence and is contrary to the evidence and that the said decision is against the weight of the evidence; that the assessment fixed by the Tax Commissioner is excessive, contrary to law and the evidencee.

"This appeal is filed as of right under the provisions of §5611 GC.

"The Tax Commissioner rendered his decision under date of December 29th, 1944 assessing appellant $2597.90 and fixing a penalty of $389.69, making a total assessment of $2,987.59."

This cause was called for hearing in Cleveland on May 22, 1945, at which time it was continued at the request of appellant. The case was thereafter called for hearing in Cleveland on November 13, 1945, at which time it was continued at the request of appellee. On November 30, 1945, the appellant filed an application for leave to amend its notice of appeal by adding thereto a copy of the notice sent by the tax commissioner to the appellant of the final determination complained of. Prior to the amendment of §5611 GC, effective July 4, 1941, this Board held that the statute as it then existed did not specifically provide for setting forth in the notice of appeal a full copy of the notice of the final order of the tax commissioner. The Supreme Court held to the same effect in **Trotwood Trailers, Inc. v Evatt, 142 Oh**

St 197, 51 N. E. (2d) 645. The second branch of the syllabus reads as follows:

"A notice of appeal to the Board of Tax Appeals, seasonably filed, which does not 'set out' a complete copy of the tax assessment made by the Tax Commissioner, from which the appeal is taken, which does not contain a specification of the errors complained of, but which does describe the assessment as made on a certain date, and which states that the appeal is on questions of law and fact, is not jurisdictionally defective and may, on motion, be corrected by amendment."

However, the statute as amended contains the following provision:

"Such appeals shall be taken by the filing of a written notice to that effect with the board of tax appeals and with the tax commissioner within thirty days after notice of the tax assessment, reassessment, valuation, determination, finding, computation or order, by the tax commissioner, shall have been given or otherwise evidenced, as required by law.

The notice of such appeal shall set forth or shall have attached thereto and incorporated therein by reference, a true copy of the notice sent by the commissioner to the taxpayer of the final determination complained of, and shall also certify the error or errors therein complained of."

Since this amendment this Board has held in several cases that a notice of appeal which does not contain or have attached thereto a copy of the final determination of the tax commissioner it not a substantial compliance with the plain requirements of the statute. In the case of **Atsaroff et v Evatt, 24 OO 257,** the Board held:

"An appeal will be dismissed where the writing which was filed with the Board of Tax Appeals as an appeal from a sales tax assessment refers to the tax assessment made by the tax commissioner and to the date and the amount thereof,

but does not either set forth or have attached thereto and incorporated therein by reference a copy of the notice sent by the tax commissioner to the taxpayer of the final'assessment order complained of, as provided in §5611 GC.

The Board said:

"Although in the consideration of the question as presented it is recognized that appeal statutes are remedial in their nature and are liberally construed for the purpose of giving effect to the right of appeal thereby provided, yet effect must in every case be given to the terms of the act of the legislature providing for the appeal and prescribing the method or manner in which such appeal shall be effected. Touching this question, it is noted that in the case of **Collins, Executor v Millen, 57 Oh St 289, 292,** the court after adverting to the recognized rule that statutes providing for appeals are remedial and are to be liberally construed in favor of the right thereby given, said:

" 'We recognize, however, that the courts can dispense with no condition prescribed by statute, as necessary to perfect an appeal, and that the only field open to the display of liberality in this connection is, in the construction of the statutes that prescribe these conditions.' "

To the same effect is the case of **West Toledo Factory Buildings, Inc. v Evatt, 43 Abs 449,** 16 Ohio Supp. 97, where this question is fully discussed. It is now well settled that this Board does not have authority to entertain an appeal where the above quoted provision of the statute is not complied with. In the case of **Kinsman Square Drug Company v Evatt, 145 Oh St 52,** 60 N. E. (2d) 668, 30 OO 279, the Court said:

"In the meager notice in that instant case the assessment is not described and there is no statement that the appeal is on questions of law and fact. The appellant's notice falls far short of a substantial compliance with the plain, increased requirements of the amended statute."

To the same effect see the **Dayton Rental Company v Evatt, 145 Oh St 215,** 61 N. E. (2d) 210, **30 OO 447.** In the latter case the notice of appeal did describe the assessment and was very similar to the notice filed in this case, and the Court held that that notice fell far short of a substantial compliance with the plain **increased** requirements of the amended statute.

The question remains as to whether this Board has the authority to permit an appellant who has failed to comply with the requirements of §5611 GC, to amend his notice of appeal by setting forth therein a true copy of the final determination of the tax commisioner after the time has passed for perfecting his appeal. There is no doubt that the Board could permit such an amendment prior to the thirty day limitation provided by §5611 GC, and could permit amendments after the lapse of such limitation which are not jurisdictional. However, section 5611 provides how and in what time an appeal to the Board of Tax Appeals can be taken and the Board is bound by the requirements of this statute, which plainly requires that a notice of appeal shall be filed within thirty days after notice of the final order of the tax commissioner has been given, and that that notice of appeal must set forth or have attached thereto and incorporated therein by reference a copy of the notice of such final order. In other words, to perfect an appeal under this section, a notice of appeal setting forth or having attached thereto a copy of the final order appealed from must be filed within said thirty day limit. To hold otherwise would be to ignore the plain mandatory provisions of this statute. The Board realizes that contrary to its own view on the question as set out in its decision in West Toledo Factory Buildings, Inc. v. Evatt, **supra,** the Supreme Court has held that the Appellate Code is **in pari materia** with §5611 GC. Trotwood Trailers, Inc. v. Evatt, **supra. Sec. 12223-3 GC,** provides that final orders of administrative officers may be reviewed as provided in the Appellate Procedure Act **unless otherwise provided by law.** Section 5611 does otherwise provide in that it sets forth a different time limit for filing an appeal and requires that a copy of the notice of the final

order appealed from be set forth in or be attached to the notice of appeal, which requirement does not appear in the Appellate Procedure Act. The later special provisions contained in §5611 GC, of course, prevail over the general provisions of the Appellate Code and are expressly excepted therefrom. State, ex v Atkinson, 138 Oh St 157, 160, 161. Moreover, it has been held:

"Where a later specific statute is enacted on the same subject covered by an existing general statute, without express or implied intention to repeal the existing statute, such specific statute must be held to have been intended by the Legislature to be engrafted upon the general statute as an exception thereto." State, ex v Common Pleas Court, 132 Oh St 93, 5 N. E. (2d) 174.

See, also, Western and Southern Indemnity Company v Chicago Title & Trust Company, 128 Oh St 422, 191 N. E. 402; State, ex v Connar, 123 Oh St 310, 175 N E 200; State, ex v Zangerle, 100 Oh St 414, 126 N. E. 413. Sec. 12223-4, GC, provides that an appeal shall be deemed perfected when a notice of appeal is filed with a lower court, tribunal, officer or commission. Assuming that this section is to be read in connection with §5611 GC, it must be held that to perfect an appeal with the Board of Tax Appeals from an order of the tax commissioner, the notice of appeal must be such as complies with the provisions of §5611 GC, and it must also be filed with this Board within the time limitation prescribed by this special statute. Sec. 12223-5, GC, provides in part as follows:

"The failure to designate the type of hearing upon appeal shall not be jurisdictional and the notice of appeal may be amended by the appellate court in the furtherance of justice for good cause shown."

This obviously refers to amending the notice of appeal by designating whether the appeal is on questions of law or on questions of law and fact, and does not refer to jurisdictional amendments to comply with requirements "otherwise provided by law." We find nothing in the general Appellate Procedure Act which can be construed as nulli-

fying the later special provisions of §5611 GC. The Board, therefore finds that to perfect an appeal from the tax commissioner to the Board of Tax Appeals it is necessary to file a notice to that effect with both the tax commissioner and the Board, setting forth or having attached thereto and incorporated therein by reference a true copy of the notice sent by the tax commissioner to the taxpayer of the final determination complained of within thirty days after notice of the tax assessment, reassessment, valuation, determination, finding computation or order of the tax commissioner shall have been given or otherwise evidenced, as required by law; and that unless these plain mandatory requirements are complied with this Board is without authority to entertain and determine the case.

Although the Board is sympathetic towards amendments which will enable it to decide cases on the merits rather than otherwise, and as to nonjurisdictional matters we have attempted to provide for such amendments by our rules, we are admonished that "the Board of Tax Appeals is a creature of statute and is limited to the powers with which it is thereby invested." **Steward v Evatt, Tax Commissioner, 143 Oh St 547.** And as to the application of the appellant herein to amend its appeal in the respects above noted, we know of no statute which either expressly or by implication authorizes the Board of Tax Appeals to make this amendment and to thereby confer upon itself a jurisdiction and authority in the case which it does not now have. See Steward v. Evatt, Tax Commissioner, **supra.** For this reason, therefore, and conforming to the general rule that jurisdictional defects in appeals cannot be amended or waived after the lapse of the time prescribed by law for filing such appeals, we are of the opinion that we are required to deny the appellant's motion for leave to amend its appeal, as requested in and by said application. Moreover, even if the Board had the power and authority to permit such amendment it is of the view that it would be an abuse of discretion to permit this amendment under the circumstances in this case where the application to amend was not filed until after the case was called for hearing twice and not until approximately ten months had elapsed after the date of the filing of the notice of appeal.

As a concluding observation on this question it may be noted that to effect an appeal to the Board of Tax Appeals from a final order of the tax commissioner a notice of appeal is required to be filed with both the tax commissioner and the Board of Tax Appeals; which notice of appeal in each instance is required to be filed within the time prescribed by §5611 GC, and to be in such form as to comply substantially with the provisions of this section. In this situation it is obvious that even if the Board of Tax Appeals were permitted to amend the notice of appeal which the appellant filed with the Board, such action on the part of the Board would not effect an amendment of the notice of appeal filed with the tax commissioner; which notice of appeal, presumably, was and is in the same form substantially as that filed with the Board of Tax Appeals.

It is, therefore, by the Board of Tax Appeals considered and ordered that the application of the appellant for leave to amend its notice of appeal filed herein be, and the same hereby is, denied; and that said appeal be, and the same hereby is, dismissed.

I hereby certify the foregoing to be a true and correct copy of the action of the Board of Tax Appeals of the Department of Taxation, this day taken with respect to the above matter.

EDWARD J. KIRWIN, Secretary.