## LYONS v INDUSTRIAL COMMISSION

Ohio Appeals, 1st Dist, Hamilton Co

Decided September 28, 1931

George W. Gale, Cincinnati, for plaintiff in error.

Gilbert Bettman, A. G., Columbus, and Raymond J. Kunkel, Cincinnati, for defendant in error.

**ROSS, PJ.**

Nowhere in the petition is it alleged that the death of the employee was due to an occupational disease incurred by the employee as a result of the employment in which he was engaged, and for this, if for no other reason, the petition would be demurrable. As far as the allegations of the petition go, Lyons might have incurred the disease from the use of chemicals "manufactured by the Cincinnati Chemical Company" at his home or in some other employment. However, as the demurrer was sustained on the ground of lack of jurisdiction by the common pleas court, and this point has been urgently considered by both parties, we proceed to pass upon the ground of the demurrer also.

Secs 1465-68a GC, provides for compensation for employees suffering by reason of occupational diseases contracted in the course of employment.

Sec 1465-68b GC, provides in part as follows: "Every employee mentioned in the next preceding section and the dependent or dependents of such employee and the employer or employers of such employee shall be entitled to all the rights, benefits and immunities and shall be subject to all the liabilities, penalties and regulations provided for injured employees and their employers by §§1465-44 to 1465-108 GC, inclusive, save and except §1465-90 GC, which shall not apply to any case involving occupational disease, and also subject to such other modifications or exemptions hereinafter provided."

Sec 1465-90 GC, provides for appeal to the court of common pleas from the findings of the commission in certain cases.

The net result of the legislation involved is a failure to provide an appeal from a decision of the commission in the case of an occupational disease.

It is claimed that the legislation involved is unconstitutional. Even if an affirmative finding on this point did not deprive the plaintiff in error of the right to assert any claim even before the commission, it certainly could not be effective to create an appeal where none is provided by law. Arguments in support of the position of the

plaintiff in error might well be addressed to the Legislature, but cannot be considered by a court, which is, of course, a nonlegislative tribunal.

It is equally plain, and has been so held, that the common pleas court has no inherent jurisdiction, exclusive of specific enactment, to entertain appeals from the commission.

It is urged that the plantiff in error is without a remedy in law and has been ousted from her right to her day in court. This contention cannot be raised in this proceeding, which is not a suit against the employer, but a proceeding specifically stated in the petition to have been brought as an appeal from a decison of the commission.

For the reasons given the judgment of the court of common pleas is affirmed.

HAMILTON and CUSHING, JJ, concur.