OPINION
This cause and matter came on to be heard by the Board of Tax Appeals upon a motion made and entered herein by the appellee to dismiss the appeal filed by the appellants above named from a deficiency sales tax and penalty assessment theretofore made by the Tax Commissioner against said appellants as vendors under the provisions of §554S-9a GC. Said cause was heard by the Board upon said motion, the notice of appeal filed herein to which said motion was directed, the transcript of the proceedings of the Tax Commissioner relating to said sales tax assessment and upon the record made upon the hearing of the case.
On consideration thereof the Board of Tax Appeals finds that on January 27, 1942, the Tax Commissioner after making an audit of the business and records of the appellants for the period of time between November 1, 1937, and December’ 31, 1940, made a deficiency sales tax assessment against appellants in the sum of $593.63, which assessment together with a fifteen per cent penalty provided for by §5546-9a GC, amounting to $89.04, was certified to the appellants under date of January 29, 1942. The Board further finds that *363 .thereafter on April 14, 1942, the 'Tax Commissioner on the hearing ■of a petition for reassessment with respect to said sales tax assessment filed with him by appellants under said section of the General Code, sustained said sales tax and penalty thereon in the aggregate amount of $682.67, from which sales tax assessment so made the appellants under date of April 22, 1942, filed with the Board of Tax Appeals the appeal here in question.
In this connection the Board further finds that upon the hearing of this ease on appeal before an examiner for the Board of Tax Appeals under date of July 20, 1942, the appellee by his counsel, who represented him on the hearing of said cause and matter, made and entered a motion to dismiss the appeal filed by the appellants in this case on the stated ground that the notice of appeal filed by the appellants does not conform to the provisions of §5611 GC, under the assumed authority of which section this appeal was filed, in that there is not set forth in said notice of appeal or attached thereto a copy of the final assessment order made by the Tax Commissioner, a true copy of which was certified to the appellants under date of April 16, 1942. The motion thus made by the appellee to dismiss the appeal filed by the appellants herein was reserved by the examiner for the consideration and decision of the Board of Tax Appeals.
Upon consideration of this motion it is noted that §5546-9a GC, under the authority of which this deficiency sales tax assessment was made against the appellants as vendors, provides that the vendor against whom such an assessment is made, may appeal from the assessment to the Board of Tax Appeals “in the same time, manner and form as that provided in §5611 GC.” Sec. 5611 GC relating generally to appeals from final tax assessment orders made by the Tax Commissioner, to the Board of Tax Appeals, provides inter alia as follows:
“Such appeals shall be taken by the filing of a written notice to that effect with the board of tax appeals and with the tax commissioner within thirty days after notice of the tax assessment, reassessment, valuation, determination, finding, computation or order, by the tax commissioner, shall have been given or otherwise evidenced, as required by law. The notice of such appeal shall set forth or shall have attached thereto and incorporated therein by reference, a true copy of the notice sent by the commissioner to the taxpayer of the final' determination complained of, and shall also specify the error or errors therein complained of.”
On examination of the transcript of the proceedings of the Tax Commissioner relating to the sales tax assessment made against the appellants, it is noted that said transcript sets out the final order and determination of the Tax Commissioner under date of April 14, 1942, making said assessment, a true copy of which was delivered to the appellants as a notice of said assessment on April 16, 1942. Although the writing which was filed with the Board of Tax Appeals as an appeal from said sales tax assessment, and which was docketed by this Board as an appeal, refers to the tax assessment made by the Tax Commissioner and to the date and the amount thereof, the same does not either set forth or have attached thereto and incorporated therein by reference, a copy of the notice sent by the Tax Commissioner to the taxpayer of *364 the final assessment order complained of in this case, as provided in the above quoted language of §5611 GC. In this situation the question for consideration and decision by the Board of Tax Appeals is whether the above quoted provision of §5611 GC, is mandatory and jurisdictional with respect to the appeal here in question, and whether the failure of the appellants to comply with this provision in filing their notice of appeal makes such attempted appeal fatally defective as against the motion of the appellee to dismiss said appeal on the ground above stated.
Although in the consideration of the question as presented it is recognized that appeal statutes are remedial in their nature and are liberally construed for the purpose of giving effect to the right of appeal thereby provided, yet effect must in every case be given to the terms of the act of the legislature providing for the appeal and prescribing the method or manner in which such appeal shall be effected. Touching this question, it is noted that in the case of Collins, Executor v Millen, 57 Oh St 289, 292, the Court after adverting • to the recognized rule that statutes providing for appeals are remedial and are to be liberally construed in favor of the right thereby given, said:
“We recognize, however, that the courts can dispense with no condition prescribed by statute, as necessary to perfect an appeal, and that the only field open to the display of liberality in this connection is, in the construction of the statutes that prescribe these conditions.”
As to this it may be further said that although, generally speaking, a taxpayer is entitled as a matter of constitutional right to a hearing with respect to the validity and amount of a tax assessment made against him — and in the absence of a more specific provision for such hearing, the provisions of §§12075, et seq., GC, afford a sufficient remedy for this purpose, Hammond, Treas. v Winder, 100 Oh. St 433, 446; State ex rel. v Jones, Auditor, 51 Oh St 492, 516; Railroad Company v Keith, et al., 67 Oh St 279, 292, — a right of appeal, as such, depends wholly upon statutory enactment granting such right and prescribing the conditions upon which such right of appeal may be exercised and the manner in which such appeals ’ may be effected; and this is true whether such appeal is from the decision and judgment of a court or from an order made by an administrative officer. See Browne v Wallace, 66 Oh St 57; Askins v Chilcote, 15 Abs 13; State ex rel. v Hanousek, 19 O. C. C. 303; Industrial Commission v Monroe, 111 Oh St 812, 813. As to this the Court in the case of Collins, Executor v Millen, supra, said:
“The right of appeal is statutory, and we must look to the statute to ascertain if it has been lawfully exercised. The party who seeks to exercise this right, must comply with whatever terms the statute of the state impose upon him as conditions to its enjoyment.”
And in this connection it may be said, generally, that inasmuch as the right of appeal exists only by virtue of statutory enactment, it is necessary in order to give the appellate court or tribunal jurisdiction of the cause or matter appealed, that the appellant should comply substantially, if not strictly, with the statutory requirements prescribed by law as to time and method in and by which such ap *365 peal shall be perfected. Browne v Wallace, 66 Oh. St 57; Collins, Executor v Millen, supra; MeRoberts v Lockwood, 49 Oh St 374; Dennison v Talmadge, 29 Oh St 433; Daily, Admr, v Dowty, 52 Oh Ap 84, 87.
In the consideration of the applicable provision of §5611 GC, ■above quoted, in the light of the principles of statutory construction herein noted, it is pertinent (to note further in this connection (that the related provision in §5611 (GC, as this section was originally enacted in and as a part of the Act of May 15, 1939, 118 O. L. 354, read as follows:
“The notice of such appeal * * * shall set forth the tax assessment, valuation, determination, finding, computation or order, or the correction or redetermination thereof, complained of, and the errors therein complained of.”
In its application to a case of this kind it is observed that the requirement of the provision in this statute as originally enacted was that the notice of appeal filed with the Board of Tax Appeals should set forth the tax assessment or order of the Tax Commissioner complained of. And' there is authority supporting the view that the term or expression “set forth” as used in this provision of the section in •itself imported the requirement that the assessment or order of the jTax Commissioner complained of should be embodied in the notice of appeal, or that a copy of the same should be attached to the notice of appeal and be made a part thereof by. appropriate and distinct averment in the notice of appeal itself. See The Buffalo Forge Company v Cleveland Steamfitting & Supply Company, 82 Oh St 199. However this may be, it is observed that in the amendment of §5611 GC, in and by the Act of April 2, 1941, 119 O. L., p. 48, this particular provision of the section was amended to read as follows:
“The notice of such appeal shall set forth or shall have attached thereto and incorporated therein by reference, a true copy of the notice sent by the commissioner to the taxpayer of the final determination complained of, and shall also specify the error or errors-therein complained of.”
In construing this provision as amended we are required to assume that the legislature intended to effect some purpose in making the amendment. Lytle v Baldiniger, 84 Oh St 1, 8. And whether the legisture by the amendment in this case intended to change this provision in §5611 GC, as originally enacted, or intended only to make plain the meaning and intent of this provision, there can be no question as to the meaning and intention of this provision as amended. This provision of §5611 GC, in its application to the case at hand clearly requires the appellants in this case to set' out in their notice of appeal a true copy of the notice of the final order and tax assessment made by the Tax Commissioner which was sent by said officer to the appellants, or to attach a true copy of such notice to their notice of appeal and incorporate the same therein by appropriate reference. As before noted nothing of this kind was done or attempted in the filing of the notice of appeal in this case; and giving effect to the explicit provisions of §5611 GC, as amended, we are required to sustain the motion filed herein by the appellee to dismiss this appeal.
*366 In reaching this conclusion we are not unmindful of the decision of the Supreme Court in this state in the case of Capitol Loan & Savings Company v Biery, 134 Oh St 333, where the court, seemingly, went to the very verge of liberality in construing the provisions of §§12233-4 and 12223-5, GC, and in sustaining an appeal where the same was not effected by the filing of a notice of appeal as a separate paper, as is apparently contemplated by the provisions of these sections, but which was effected in this particular case by a notice of appeal in the journal entry overruling a motion for a new trial filed in the lower court. Inasmuch, however, as the Supreme Court in the Biery case did not overrule, disapprove or otherwise notice the earlier decision of the Supreme Court in the case of Browne, Assignee, v Wallace, supra, where a contrary decision was made on a question quite similar to that involved in the Biery case, we are inclined to the view that the Biery case, considered as an authority for the guidance of lower courts or tribunals in the determination of questions of this kind, should be limited in its application to cases involving situations of fact substantially identical with those appearing in the Biery case. In any view as to the application to be given to the Biery case as an authority in appeal cases generally, and recognizing the remedial nature of statutes providing for appeals, as is indicated in the cited case and in the later case of Couk v Accident & Guaranty Corp., 138 Oh St 110, 116, the Board of Tax Appeals does not feel that it has any power or authority in the particular case now before it other than to give effect to the statutory provisions governing the appeal here in question; and this view, as above indicated, requires a' dismissal of the appeal in this case.
It is, therefore, by the Board of Tax Appeals considered and ordered that said appeal be, and the same hereby is, dismissed.
I hereby certify the foregoing to be a true and correct copy of the action of the Board of Tax Appeals of the Department of Taxation, this day taken with respect to the above matter.
HARRY J. ROSE, Secretary.