GREGG, APPELLEE, *v.* MITCHELL, APPELLANT.

(No. 637—Decided March 7, 1955.)

Mr. *Chester P. Fitch*, for appellee.
Mr. *Louis D. Bannon*, for appellant.

COLLIER, J.  The defendant, appellant herein, was granted a divorce and given the custody of the four minor children of the parties on July 22, 1950.  Since that date the parties have been in court on many occasions in matters relating to the custody, care and support of these children.  On December 24, 1954, after a lengthy hearing (the record consists of about 500 pages) on plaintiff's motion to modify the original order in reference to the custody of the youngest child, James Richard Gregg, 9 years of age, the Common Pleas Court of Scioto County sustained the plaintiff's motion and changed the custody of said child from the mother to the father.  On the same day the order was signed, counsel for the mother (defendant) presented to opposing counsel a notice of appeal and on the same day, without giving notice to opposing counsel, appeared before the presiding judge of the Court of Appeals and requested a stay of execution.  The presiding judge of the Court of Appeals in this ex parte proceeding signed an order staying execution upon condition that the defendant give a bond in the sum of $200.  This order was filed in the Court of Common Pleas, but was never filed in the Court of Appeals.

Plaintiff has filed a motion to dismiss the appeal for the

reason that an appeal has not been properly perfected. Plaintiff contends first that an order modifying the original order as to the custody of children is not a final order and, therefore, is not subject to appeal. With this contention we are unable to agree. In a similar proceeding, in the case of *Bower* v. *Bower*, 90 Ohio St., 172, 106 N. E., 969, the Supreme Court of Ohio, in overruling the second paragraph of the syllabus in the case of *Rogers* v. *Rogers*, 51 Ohio St., 1, 36 N. E., 310, said:

"It is apparent, however, that the same statutes that authorize an appeal from the original decree would also authorize an appeal from an order modifying that decree."

The reviewing courts of Ohio have consistently followed the decision in the *Bower case*. However, plaintiff's further contention, that the special statutory provisions prescribing the method of appeal in a case of this kind have not been followed, presents a very important question. Chapter 3109 of the Revise Code, on the subject of "Infants," beginning with Section 3109.01, authorizes the Common Pleas Court to decide which parent shall have the custody of a child, and the last section of this chapter, Section 3109.07, Revised Code, provides for an appeal from such order, and reads as follows:

"An appeal to a higher court may be had upon the appellant's giving bond, with one good surety, to the adverse party, *approved by the court from whose decree the appeal is taken, in a sum to be determined by it*, but not less than accrued costs and a fair estimate of accruing costs. The court before whom such appeal is heard may decree the costs of the proceeding against either party, or divide them in any proportion." (Italics supplied.)

In the instant case it will be observed that the provisions of this statute were not followed, in that no application was made to the Court of Common Pleas to determine the amount of the bond and to approve the same. Apparently appellant attempted to perfect her appeal under the general provisions of the Revised Code on appeal beginning with Section 2505.01. Section 2505.03, Revised Code, provides as follows:

"Every final order, judgment, or decree of a court and, when approved by law, the final order of any administrative officer, tribunal, or commission may be reviewed as provided in

Sections 2505.04 to 2505.45, inclusive, of the Revised Code, *unless otherwise provided by law * * *.*'' (Italics supplied.)

Section 2505.09, Revised Code, provides for a stay of execution upon the execution of a bond determined and approved by either the court making the order or the court to which appeal is taken.

The question is whether compliance with the general statutes regulating appeal is sufficient to perfect the appeal when a special statute prescribes the method of appeal in that particular kind of action. It is elementary that a litigant has no inherent right of appeal; there is no common-law right of appeal, and such right is purely statutory. It is also well established that, in order for a Court of Appeals to have jurisdiction of an appeal, provisions of law providing the method of appeal must be substantially, if not strictly, complied with. *Atsaroff* v. *Evatt*, 37 Ohio Law Abs., 362, 9 Ohio Supp., 141; *In re Wilson*, 14 Ohio Law Abs., 417; *Auditorium Realty Co.* v. *Hussman*, 14 Ohio Law Abs., 727; *In re Mahoning Valley Sanitary District*, 161 Ohio St., 259, 119 N. E. (2d), 61; *American Restaurant & Lunch Co.* v. *Glander, Tax Commr.*, 147 Ohio St., 147, 70 N. E. (2d), 93.

In considering the general constitutional and statutory enactments providing for an appeal, with special statutes providing for an appeal in particular matters, the Supreme Court of Ohio in the case of *In re Mahoning Valley Sanitary District*, *supra*, held, in the fifth paragraph of the syllabus:

"A prohibition of an appeal as provided by statute comes within the term, 'otherwise provided by law,' in Section 12223-3, General Code (Section 2505.03, Revised Code)."

The law of Ohio on this question is well stated by the court in the case of *American Restaurant & Lunch Co.* v. *Glander*, *supra*, at page 150, as follows:

"The very statute which authorizes the appeal prescribes the conditions and procedure under and by which such appeal may be perfected. Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred."

In our opinion, where a special statute prescribes the method of appeal from a particular order, such statute is controlling

and the general statutes providing for appeal have no application. Compliance with the general statute, but not with the special statute, is not sufficient to perfect the appeal. The Court of Appeals has no statutory authority to determine the amount and approve a bond in a case of this kind and the bond given in the instant case is a nullity. The provisions of Section 3109.07, Revised Code, are plain and specific and prescribe the only method by which an appeal may be effected from an order fixing the custody of a child. This court has no right to render this statute nugatory. The plaintiff having failed to perfect an appeal, the defendant's motion to dismiss the appeal must be, and hereby is, sustained.

*Motion sustained.*

GILLEN, J., concurs.
McCURDY, P. J., not participating.