**PURTEE, Plaintiff-Appellant, v. GENERAL MOTORS CORPORATION, Frigidaire Division, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2372. Decided November 30, 1956.

Herzog, Gallon & Goldman, Dayton, By Asher Bogin, of Counsel, Richard N. Larrimer, Columbus, for plaintiff-appellant.

Cowden, Pfarrer, Crew & Becker, Dayton, By Charles P. Pfarrer, of Counsel, for defendant-appellee.

## OPINION

By MILLER, Presiding Judge:

This is a law appeal from a judgment of the Common Pleas Court sustaining a demurrer to the petition for the reason that it appears on the face thereof that the action was not brought within the time limited for the commencement of such actions. The record reveals that the action is one in which the plaintiff was seeking the right to participate in the benefits accorded to employees under the Workmen's Compensation Act; that his claim was rejected by the Commission on July 10, 1951; that on July 27, 1951, a petition was filed seeking the allowance of the claim, which was dismissed on November 12, 1954, for want of jurisdiction; that on November 8, 1955, the present petition was filed under the provisions of §2309.19 R. C.

The question presented is whether the plaintiff is entitled to the benefits of this section, or was he required to institute his action within the time specified by §4123.51 R. C., to-wit: Within "sixty days after receipt of notice of such action of the Commission"? If the latter controls, clearly the action was not timely brought. Sec. 4123.51 R. C. "is a special statute applying to cases brought under our Workmen's Compensation Law. It relates not only to venue but to jurisdiction, since

it selects the court which shall hear and determine such causes." **Industrial Commission of Ohio v. Weigand, 128 Oh St 463.** The Common Pleas Court does not have inherent jurisdiction in Workmen's Compensation cases, but only such as is bestowed upon it under the provisions of the Act. **Industrial Com. v. Ramsey, 119 Oh St 497.** The requirements of the Act that the action be instituted within sixty days thereafter limits the time within which the same may be brought. The time of the filing of the petition therefore appears to be of the essence of the right created by the Act and no right exists independent of the limitation. The statute upon which the plaintiff relies provides as follows:

"Sec. 2305.19 **R. C.** In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * *"

This section is found in the chapter of the Code dealing with the original jurisdiction of Courts of Common Pleas and prescribing limitations of the time within which actions may be brought and must be read in conjunction with §2305.03 **R. C.,** which provides:

"A civil action, **unless a different limitation is presented by statute,** can be commenced only within the period prescribed in §§2305.03 to 2305.22, inclusive, **R. C.** When interposed by proper plea by a party to an action mentioned in such sections, lapse of time shall be a bar thereto." (Emphasis ours.)

Thus we conclude that §2305.19 **R. C.,** applies only to actions "not otherwise" limited by periods affecting the right of action. **Sec. 4123.51 R. C.,** prescribes such a limitation on the purely statutory right of the claimant for Workmen's Compensation to file a petition in the Common Pleas Court. Therefore we conclude that the provisions of §2305.19 **R. C.,** are not applicable to the instant case. We recognize that the identical question presented here has never been passed upon in this state and that there appear to be cases supporting appellant's view that §2305.19 **R. C.,** is applicable to similar civil actions, among which are **Belpash v. Emerine, 119 Oh St 226;** Burgoyne v. Moore, 12 C. C. 31; **Meisse v. McCoy's Admr., 17 Oh St 225;** Piscopo, Admr., v. New York, Chicago & St. L. Ry. Co., 19 C. C. (N. S.) 298. However, the most recent case involving the principle involved here is that of **Rackle & Sons Co. v. W. & S. Indemnity Co., 54 Oh Ap 274** (Motion to certify overruled November 25, 1936), which appears to be directly in point. Paragraph 2 of the syllabus provides:

"Where a cause of action is created by a statute and is limited therein to a specific period, time is of the essence of the right created and there is no right whatever independent of the limitation, so that a lapse of the statutory period operates to extinguish the right altogether."

We have examined the well considered opinion of Judge Ross in the cited case and are in accord with the views he has expressed therein.

The cited case also appears to be supported in other jurisdictions, to-wit: Automobile Sales Co. v. Johnson, 122 S. W. 2d, 453, 120 A. L. R. 370; L. & N. R. Co. v. Dixon, 168 Miss. 14, 150 So. 811. In this case the court said, at page 20:

"* * * where a statute creates a right of action which did not exist under the common law and the same statute fixes the time within which action or proceedings to enforce the same may be begun, the time so fixed is not a mere statute of limitations, but is an integral part of the right thus created, is a substantive condition, so that, after the time fixed in the statute, the right to institute an action thereunder becomes extinct, not only in the state which created the right, but everywhere else."

See also, Decker v. Pouvailsmith Corp., 252 N. Y. 1, 168 N. E. 442; Missouri Pacific R. Co. v. Armstrong, 184 Ark. 1076, 44 S. W. 2d 1093; King v. Mayor of City of Butte, 230 P. 62, 7 Mont. 309; Pinson v. Robertson, 197 Okl. 419, 172 P. 2d, 625.

We find that the Court did not err in sustaining the demurrer and the judgment will be affirmed.

HORNBECK and WISEMAN, JJ, concur.