**LEIPHART LINCOLN-MERCURY, INC., Appellant, v. BOWERS, Tax Commr., Appellee.**

Ohio Appeals, Sixth District, Lucas County.

Decided April 7, 1958.

Boggs, Boggs & Boggs, Toledo, for appellant.
William Saxbe, Atty. Genl., John M. Tobin, Columbus, for appellee.

## OPINION

By SMITH, J.

This is an appeal from a decision of the Board of Tax Appeals affirming an order of the Tax Commissioner, appellee herein, in a sales tax assessment, under the provisions of §5717.04 **R. C.** The facts before us in the record are undisputed.

On February 5, 1957, appellee made an assessment against appellant in the total amount of $5,738.50, which consisted of a sales tax

assessment of $4,990 plus a 15 per cent penalty of $748.50, for an audit period from January 1, 1956, to June 30, 1956. Statutory notice of the assessment was received by the appellant on February 6, 1957. After receipt of the notice of the assessment, and without knowledge or consent of appellant's president and treasurer, the office manager and bookkeeper of appellant, Robert N. Bare, on March 4, 1957, wrote appellee. In this letter there is set forth the results of his examination of appellant's sales tax records for the entire year 1956 and determination that a deficiency of $726.64 existed for the year. With the letter he enclosed a check of appellant for that amount. The letter further offers the following explanation:

"The discrepancy in our stamp purchases for the period ending June 30, 1956, was the result of an accounting classification error in our records. An item in the amount of $4,990 was incorrectly classified as prepaid tax stamps and the person preparing the detail for the return being inexperienced failed to reconcile the purchase receipts for the amount shown in the stamp account. In addition, auto sales in the amount of $75,210.00 were incorrectly reported as non-taxable and total sales were over-stated $37,370, said amount representing items of service and parts sales between departments within the organization. The net result of these classification errors was to offset the error in our stamp purchases for the period in question, so that it was not apparent until after the return had been submitted to your department. It is hoped that the foregoing will be sufficient to clarify the discrepancy which resulted in your assessment,—N-646."

On March 6, 1957, appellee, by letter, acknowledged receipt of Bare's letter of March 4, 1957, and appellant's check for $726.64, which letter reads as follows:

"This will acknowledge receipt of your letter along with your check No. 5977 in the amount of $726.64.

"We have applied this amount to your assessment No. F645, which leaves a balance of $5,011.86. If this balance is not paid within thirty days from the receipt of the assessment by you, it will be placed in judgment and certified to the Attorney General for collection.

"We are enclosing herewith a petition for reassessment, which you may complete, notarize and return to us before the expiration of the thirty-day period from your receipt date of the assessment.

"Hoping this information is satisfactory, we are

"Very truly yours."

Thereafter, on March 16, 1957, more than thirty days after receipt by the appellant of the assessment, the appellant filed a petition for reassessment on the form provided by the Tax Commissioner, appellee herein. In the space provided for items objected to in the assessment, the following language is observed:

"Our objections have been set forth in our letter of March 4, 1957, a copy of which is in your files. We wish this letter to be attached to this petition and used as our objections."

On March 20, 1957, the Tax Commissioner made the following finding and order:

"This cause came on to be considered upon the records of the De-

partment of Taxation and the Tax Commissioner, being duly advised in the premises, finds that:

"The petition for reassessment filed by the assessee on March 16, 1957, was not filed pursuant to the provisions of §5739.13 R. C., and that said assessment became conclusive on March 9, 1957.

"It is, therefore, ordered that the assessment stand as issued by default as follows:

| "Assessment | Penalty | Total |
|---|---|---|
| "Sales $4,990.00 | $748.50 | $5,738.50." |

It will be noted that appellant had abundant notice of the time within which to file its petition for reassessment as appears in the printed form of the assessment and again in the letter of the Tax Commissioner quoted above.

The appellee, the Tax Commissioner, based his order on that part of §5739.13 R. C. (126 Ohio Laws, pp. 723, 724), which reads as follows:

"Unless the vendor or consumer, to whom said notice of assessment is directed, files within thirty days after service thereof, either personally or by registered or certified mail a petition in writing, verified under oath by said vendor, consumer, or his authorized agent, having knowledge of the facts, setting forth with particularity the items of said assessment objected to, together with the reasons for such objections, said assessment shall become conclusive and the amount thereof shall be due and payable, from the vendor or consumer so assessed, to the treasurer of the state."

On April 18, 1957, the appellant filed a notice of appeal to the Board of Tax Appeals from the order of the appellee. Under date of September 30, 1957, the Board of Tax Appeals affirmed the order of appellee upon the ground that appellant "has failed to avail himself of the remedy given by statute to avoid the conclusiveness of the assessment dated February 5, 1957." It is obvious that the Tax Commissioner had no alternative but to dismiss the purported petition for reassessment which was filed with him subsequent to the 30-day limitation set out in the statute.

The notice of appeal from the order of the Board of Tax Appeals to this court sets forth the errors complained of, as required by §5717.04 R. C., which are as follows:

1. The decision of the Board of Tax Appeals is contrary to law in affirming the final order of appellee, the undisputed evidence before said board clearly establishing that appellant received no notice of the time and place of hearing on the petition for reassessment filed by it as provided by §5739.13 R. C.

2. The Board of Tax Appeals erred in affirming the final order of appellee when the undisputed evidence clearly established that the amount of the assessment as set forth in the final order of appellee dated March 20, 1957, was erroneous.

3. The Board of Tax Appeals erred in refusing to admit evidence offered by appellant pursuant to the provisions of §5717.02 R. C., application having been made by applicant pursuant thereto requesting that the Board of Tax Appeals order the hearing of additional evidence.

4. The decision of the Board of Tax Appeals is erroneous in holding

that the sole question before it on appeal from a final order of appellee was whether or not the petition for reassessment was filed in accordance with the provisions in §5739.13 R. C.

5. The decision of the Board of Tax Appeals was erroneous in that said board refused to order the hearing of additional evidence, application having been duly made therefore by appellant pursuant to the provisions of §5717.02 R. C.

6. The Board of Tax Appeals erred in affirming the final order of appellee, the undisputed evidence showing that the assessment against appellant by appellee was erroneous, the same being based on a sales tax return of appellant which was incorrect and of which facts appellee had knowledge prior to the final order of March 20, 1957.

The assignments of error are all predicated upon the meaning and interpretation to be accorded §§5703.02(E), 5717.02, 5717.03 and 5739.13 R. C.

The powers and duties of the Board of Tax Appeals applicable to the instant case are defined in §5703.02(E) R. C., to wit:

"Exercise the authority provided by law to hear and determine all appeals including appeals from the actions of county budget commissions, decisions of county boards of revision, and actions of any assessing officer or other public official, including appeals from any tax assessments, valuations, determinations, findings, computations, or orders made by the tax commissioner or any correction or redetermination made by him; and hear and determine applications for review of rules of the department of taxation adopted and promulgated by the tax commissioner."

In §5717.02 R. C., the procedure for appeal to the Board of Tax Appeals from a final determination by the Tax Commissioner of the final assessment is prescribed as follows:

"Such appeals shall be taken by the filing of a written notice to that effect with the board and with the commissioner within thirty days after notice of the tax assessment, reassessment, valuation, determination, finding, computation, or order by the commissioner has been given or otherwise evidenced as required by law. The notice of such appeal shall set forth, or have attached thereto and incorporated therein by reference, a true copy of the notice sent by the commissioner to the taxpayer of the final determination complained of, and shall also specify the errors therein complained of.

"Upon the filing of such notice of appeal the commissioner shall certify to the board a transcript of the record of such proceedings before him, together with all evidence considered by him in connection therewith. Such appeals or applications may be heard by the board at its office in Columbus or in the county where the appellant resides, or it may cause its examiners to conduct such hearing and to report to it their findings for affirmation or rejection. The board may order the appeal to be heard upon the record and the evidence certified to it by the commissioner, but upon the application of any interested party the board shall order the hearing of additional evidence, and it may make such investigation concerning the appeal as it deems proper."

With reference to the decisions of the Board of Tax Appeals, §5717.03 R. C., provides in part as follows:

"The decisions of the board may affirm, reverse, vacate, or modify the tax assessments, valuations, determinations, findings, computations, or orders complained of in the appeals or applications determined by it, and its decisions shall become final and conclusive for the current year unless reversed, vacated, or modified as provided in §5717.04 R. C. * * *"

That part of §5739.13 R. C., chapter under the heading of Sales Tax, quoted above, prescribes the procedure whereby the vendor may file a petition for reassessment with the Tax Commissioner, and unless such petition for reassessment is so filed as provided, the "assessment shall become conclusive."

The appellant did not file the appeal as afforded by §5717.02 or by 5739.13 R. C. More than thirty days elapsed after notice of assessment, before any steps were taken under either section. It appears that appellant elected to follow the procedure provided by §5739.13 R. C., and the petition for reassessment was not filed by appellee within thirty days after notice of assessment.

The courts of Ohio have fully recognized as fundamental and elementary that a litigant has no inherent right of appeal or review, that there is no common law right of appeal, which right is purely statutory, and that to have jurisdiction of an appeal provisions of law providing the method of appeal must be complied with. Gregg v. Mitchell, 99 Oh Ap 350, 133 N. E. 2d 645; Atsaroff v. Evatt, Ohio Bd. of Tax App., 9 Ohio Supp. 141; In re Wilson, 14 Abs 417; Auditorium Realty Co. v. Hussman, 14 Abs 727; In re Mahoning Valley Sanitary Dist., 161 Oh St 259, 119 N. E. 2d 61; American Restaurant & Lunch Co. v. Glander, 147 Oh St 147, 70 N. E. 2d 93.

The Department of Taxation is an administrative agency and is a tribunal of limited jurisdiction. Administrative officers and agencies have no common-law or inherent powers other than have been granted to or conferred on them by law. As a creature of statute, it is without power to exercise any jurisdiction beyond that conferred by statute. The applicable sections of the Revised Code set out above are statutory, jurisdictional prerequisites as to the time for doing an act, and without compliance therewith the administrative agency is without power or authority. The jurisdiction of such officials and tribunals must be invoked in the manner prescribed by statute, and their proceedings must be in accordance with valid statutory requirements. They are authorized to act only in the mode prescribed by statute and can not dispense with the essential forms of procedure which condition their statutory powers, or have been prescribed for the purpose of investing them with power to act. 1 O. Jur. (2d), 487, 488, Section 88; 73 C. J. Public Administrative Bodies and Procedure §§48, 49 and 74, pp. 367, 369, 400-401; American Restaurant & Lunch Co. v. Glander, supra; Zier v. Bureau of Unemployment Compensation, 151 Oh St 123, 84 N. E. 2d 746.

The case of American Restaurant & Lunch Co. v. Glander, supra, 147 Oh St 147, 70 N. E. 2d 93, involved the provisions of §5611 GC, now §5717.02 R. C., here under consideration, as to procedural steps. In the first paragraph of the syllabus, it is held:

"Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred."

And, in the second paragraph of the syllabus, it is held:

"* * * Compliance with these specific and mandatory requirements governing the filing of such notice [of appeal] is essential to confer jurisdiction upon the Board of Tax Appeals."

The American Restaurant & Lunch Co. case was approved and followed in Zier v. Bureau of Unemployment Compensation, supra, involving statutory requirement in another administrative agency, as stated in the first paragraph of the syllabus, to wit:

"An appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements."

In the second paragraph of the syllabus it is reiterated that compliance with mandatory statutory requirements "is essential to invoke jurisdiction." See **Moore v. Foreacher,** 156 Oh St 255, 102 N. E. 2d 8; **State, ex rel. Byrd v. Sherwood,** 140 Oh St 173, 181, 42 N. E. 2d 889; Thirst Quenchers of Ohio, Inc v. Glander, Ohio Bd. of Tax App., 68 N. E. 2d 671.

Both counsel in this case cite the case of **Daiquiri Club, Inc. v. Peck,** 159 Oh St 52, 110 N. E. 2d 705, wherein the provisions of what is now §5739.13 R. C., came within the purview of the court. Neither counsel has cited, nor has any case come to the attention of the court, wherein particular facts are presented as to the legal consequences of failure to file a petition for reassessment with the Tax Commissioner within thirty days after notice of assessment. The Daiquiri Club case, however, does emphasize the procedural aspect of that section in the first paragraph of the syllabus as follows:

"The provision of §5546-9a GC [now §5739.13 R. C.], that a sales tax assessment against a vendor 'shall become and be deemed conclusive' unless within thirty days after service of notice of such assessment such vendor files a petition setting forth the items thereof objected to and the reasons for such objection, is a limitation of time within which an aggrieved vendor may protest such assessment and seek further consideration thereof by the Tax Commissioner."

In the opinion, 159 Oh St 55 and 56, 110 N. E. 2d 705, Matthias, J., states:

"The above-quoted portion of §5546-9a GC [now §5739.13 R. C.], by its clear terms relates only to matters of procedure. Following the statement of the requirement as to giving notice of the assessment is a specific statement of what must be done by the vendor if he would avoid the conclusiveness of that assessment. That portion of the section relates only to the procedure which may be pursued by the vendor. He must within thirty days after service of notice of that assessment file a petition setting forth the items of the assessment objected to, together with the reason for his objection. If the vendor does not pursue a remedy thus proffered him the assessment is conclusive. * * *"

Neither appellant's letter of explanation, not notarized, nor the attempted incorporation of the same in the petition for reassessment, filed too late, can be construed to be a compliance with the statute. The appellee having no jurisdiction, appellant was not entitled to a notice of a hearing by appellee making such order.

Nothing in the record indicates that appellant was conferring with counsel with reference to its timely filing of the notice of appeal within thirty days of notice of tax assessment as provided by §5717.02 R. C., or a petition for reassessment with the Tax Commissioner within thirty days after notice of assessment as provided by §5739.13 R. C. Failure of appellant to comply with the provisions of either section precluded the required jurisdiction of the Tax Commissioner and also of the Board of Tax Appeals. Therefore, the order of the Tax Commissioner, and the affirmance thereof by the Board of Tax Appeals, was proper in denying hearing or consideration on the merits, if any, of appellant's claim. This conclusion disposes of all assignments of error as not being well taken.

The decision of the Board of Tax Appeals is affirmed.

DEEDS, PJ, FESS, J, concur.