**KEEN et, Appellees, v. GENERAL MOTORS CORPORATION, Frigidaire Division, Appellant.**

Common Pleas Court, Montgomery County.

No. 112768.   Decided October 3, 1958.

Cowden, Pfarrer, Crew & Becker, Dayton, for appellant.

L. R. Cousineau, Dayton, William Saxbe, Atty. Genl., John R. Barrett, Asst. Atty. Genl., Columbus, for appellees.

## OPINION

By McBRIDE, J.:

At the request of the attorney general for reconsideration written and oral arguments were received by the court. The attorney general urged that the use of the expression "further proceedings" in §4123.51.9 R. C., should be construed to increase the requirements for the petition to include matter not expressed in the statute in the preceding part of the same sentence which provides that the petition shall

"set forth the basis for jurisdiction of the court over the action * * *" and nothing more. **Expressio unius est exclusio alterius.** This specific requirement cannot be altered by the provision for subsequent or further proceedings.

70

It was argued that a "workable solution" has been found under the amendment. This argument is based on some feeling or convenience that, irrespective of the statute, "accepted practices" should be approved. The court has no discretionary authority under this special statute. "Workable solutions" and their cousins, "accepted practices," destroy uniformity and cannot survive in the absence of discretionary authority.

This court has no inherent jurisdiction and no inherent discretion in perfecting an appeal in Workmen's Compensation cases. **Industrial Comm. v. Ramsey, 119 Oh St 497**; Purtee v. GMC (App 2d Dist.) 151 N. E. 2d 747. The court may not resort to the general rules of civil practice where there is an express provision in the compensation statutes. In this instance the statute states that the petition shall allege the basis for the **jurisdiction of the court over the action.** Writing in further requirements constitutes judicial legislation.

The court does not share the attorney general's concern over the absence of a requirement for allegations of fact constituting a cause of action. The issues are made up by the special appellate statute and cannot be changed by pleadings or by rearrangement of parties on appeal. On an employer's appeal it is impractical to plead a cause of action within the civil rules on pleadings when the employer does not have a cause of action but rather a right of appeal from an adverse decision of an administrative agency. In perfecting this appeal an employer or a claimant need only comply with the general requirements and file a "petition" setting forth the basis for the jurisdiction of the common pleas court.

The fear was expressed that an appellant, if a claimant, might produce evidence of a different accidental injury, against which the appellee would be powerless to prepare a defense. This is unfounded. If attempted, the appellee could introduce evidence of the application and pertinent parts of the original proceedings to controvert such second claim and to attack the appellant's credibility. If the evidence shows a different accidental injury this is ground for dismissal as a matter of law because proof of a second additional injury fails to support the first on which the appeal was taken. The records in the original administrative steps provide greater safeguards against a substantial departure than any pleading the court has ever read.

This conclusion is a reversal of earlier rulings of this court. Under the confusion incident to biennial amendments it was easy to assume that since a jury trial was provided on other than the record of the first hearing that pleadings were necessary. Upon further reflection it is observed that the nature of the proceedings have not been changed. This is a statutory appeal from a final decision and is in no sense an original action. Pleadings are not only not essential but they may be required only to the extent expressly set forth in the statute. Grafting a duplication of an original procedure upon an appellate practice is a novel and a delicate operation requiring careful and complete draftsmanship.

The arguments and problems presented at the rehearing have further strengthened the opinion of the court that the decision on the instant motions is correct.