GORDON, APPELLANT, *v.* YOUNG, ADMR., BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLEES.[1]

MALEY, APPELLANT, *v.* YOUNG, ADMR., BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLEES.

DAVEY, APPELLANT, *v.* YOUNG, ADMR., BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLEES.[2]

CIPRIANI, APPELLANT, *v.* YOUNG, ADMR., BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLEES.[2]

(No. 6365—Decided July 29, 1960.)
(No. 6366—Decided August 5, 1960.)
(No. 6421—Decided August 5, 1960.)
(No. 6429—Decided August 2, 1960.)

---

[1]Motion to certify the record overruled, January 11, 1961. Appeal dismissed. 171 Ohio St., 446.

[2]Motion to certify the record overruled, January 11, 1961.

*Messrs. Barkan & Barkan*, for appellant in Case No. 6365.

*Mr. John M. Collins*, for appellant in Case No. 6366.

*Mr. A. Millard Armstrong*, for appellants in Cases Nos. 6421 and 6429.

*Mr. Mark McElroy*, attorney general, and *Mr. William G. Carpenter*, for appellee James L. Young, Administrator.

*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Russell P. Herrold, Jr.*, for appellee Ternstedt Division, General Motors Corporation, in Cases Nos. 6365 and 6429.

*Messrs. Fuller, Harrington, Seney & Henry* and *Mr. Richard Baker*, for appellee Kimball Glass Company in Case No. 6366.

*Messrs. Fuller, Harrington, Seney & Henry* and *Messrs. Porter, Stanley Treffinger & Platt*, for appellee Kimball Glass Company in Case No. 6421.

RADCLIFF, J. One assignment of error is common in the following cases:

No. 6365, *Gordon* v. *Young, Admr., et al.*;

No. 6366, *Maley* v. *Young, Admr., et al.*;

No. 6421, *Davey* v. *Young, Admr., et al.*; and

No. 6429, *Cipriani* v. *Young, Admr., et al.*

All the above cases involve Section 4123.519, Revised Code, particularly that portion of the Code having to do with appeals from the Industrial Commission or the regional hearing board to the Court of Common Pleas. This statute in the form with which we are concerned was in effect from September 7, 1957, to November 2, 1959. See 127 Ohio Laws, 898, 900, and 128 Ohio Laws, 743, 753.

The assignments of errors are as follows:

1. The trial court erred in dismissing the appeal because of an alleged defect in the notice of appeal.

2. The trial court erred in refusing to permit the amendment of the notice of appeal.

3. The trial court erred in holding that the existence or nonexistence of a physical disability is a question to be determined solely by the Industrial Commission as it is a question involving "extent of disability" only.

As we said above, the first assignment of error is common

to all four cases. The second assignment of error pertains only to Case No. 6429, and the third assignment of error pertains only to Case No. 6365.

We will deal first with the assignment of error which is common to all cases. This involves the form of the notice of appeal. The appeal section which was in effect during the time with which we are concerned reads as follows:

"* * * Notice of such appeal shall be filed by the appellant with the commission and the Court of Common Pleas within sixty days after the date of receipt of the decision of the commission appealed from or the date of receipt of the order of the commission refusing to permit an appeal from a regional board of review. Such filings shall be the only act required to perfect the appeal and vest jurisdiction in the court.

"Notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the decision appealed from and the fact that the appellant appeals therefrom."

The alleged defect in the notice of appeal in all four cases is the same. The appellants, in their respective notices of appeal, appeal from the order of the commission refusing to entertain an appeal from the regional hearing board. The date of the order of the commission refusing to entertain the appeal appears in the notices of appeal. The appellees contend that such notices fail to meet the requirement of the statute and that the statute is jurisdictional, as it prescribes the only means by which appeals may be perfected; that the notices are fatally defective because they refer to the order of the commission rather than the decision of the regional hearing board from which, in reality, the appeal is taken; and that they are also defective as they use the date of the order of the commission rather than the date of the decision of the regional hearing board.

The Supreme Court of our state has not as yet passed upon this question; therefore, we are bound to examine the conclusions reached by the Supreme Court in analogous cases. This we will now attempt to do. By analogous we mean the appellate provisions in cases arising in the Board of Tax Appeals and the Bureau of Unemployment Compensation. These bodies are comparable to the Industrial Commission and the Bureau of

Workmen's Compensation. The cases involving appeals from the Board of Tax Appeals are the most numerous, and we will start with them in our review. In *American Restaurant & Lunch Co.* v. *Glander, Tax Commr.*, 147 Ohio St., 147, the first paragraph of the syllabus reads as follows:

"1. Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred."

In that case the taxpayer was seeking to appeal from an order of the Tax Commissioner to the Board of Tax Appeals and failed to include a true copy of the notice sent by the commissioner to the taxpayer as to the final determination of the tax. This is required by statute, and its omission was held by the Supreme Court to be a fatal defect. The following cases apply to the situation before us by analogy: *American Culvert-Fabricating Co.* v. *Glander, Tax Commr.*, 158 Ohio St., 351; *Queen City Valves, Inc.*, v. *Peck, Tax Commr.*, 161 Ohio St., 579; *Lee Jewelry Co., Inc.*, v. *Bowers, Tax Commr.*, 162 Ohio St., 567; and *Motorway Corp.* v. *Bowers, Tax Commr.*, 170 Ohio St., 139. In each of these cases the Supreme Court held that where a special statutory right of appeal is conferred by a section of the Code pertaining only to one type of appeal, compliance with the requirements thereof is jurisdictional, and such requirements must be strictly complied with. These cases are certainly indicative of the feeling of the Supreme Court toward a situation in tax appeal cases comparable to that we face in industrial compensation cases.

The next analogous situation that arises is in appeals from the Bureau of Unemployment Compensation. The leading case on this is *Zier* v. *Bureau of Unemployment Compensation*, 151 Ohio St., 123. The first paragraph of the syllabus of the *Zier* case reads as follows:

"1. An appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements."

In the above-quoted case the Supreme Court relied very heavily upon the prior decisions of the court involving tax appeals, namely, *American Restaurant & Lunch Co.* v. *Glander*,

*Tax Commr., supra* (147 Ohio St., 147). There are not as many bureau of unemployment compensation cases as tax cases, but, apparently, the rationale applied in the tax cases has been applied and is generally accepted as applying to the unemployment cases, namely, that the appeal section must be rigidly and scrupulously complied with by claimants who seek to perfect their appeals.

A third analogous situation exists, that we should examine, as it sheds light upon the question before us. That involves the special appellate statutes, such as Section 3109.07, Revised Code, which prescribes the manner of appeal in custody cases. Here again is a special form of appeal entirely separate and distinct from the general appellate procedure act set forth in Chapter 2505 of the Revised Code. Our court, sitting in its own district, has spoken upon this type of case in *Gregg* v. *Mitchell*, 99 Ohio App., 350 (appeal dismissed in 163 Ohio St., 330). The first and second paragraphs of the syllabus of *Gregg* v. *Mitchell*, read as follows:

"1. A litigant has no inherent right of appeal; such right is purely statutory.

"2. Where a special statute prescribes the method of appeal from a particular order, such statute is controlling and the general statutes providing for appeal have no application; and compliance with the general statute, but not with the special statute, is not sufficient to perfect such appeal."

The Supreme Court, in dismissing the appeal in *Gregg* v. *Mitchell*, certainly gave its tacit approval to the law enunciated therein. The court did pass upon the exact question, and referred to *Gregg* v. *Mitchell, supra*, in its opinion in *Volz* v. *Volz*, 167 Ohio St., 141, and adopted the principle laid down therein. The first and second paragraphs of the syllabus of *Volz* v. *Volz, supra*, read as follows:

"1. Where a statute confers the right of appeal, adherence to the conditions imposed thereby is essential to the enjoyment of that right of appeal.

"2. Where a special statute, such as Section 3109.07, Revised Code, specifies requirements for an appeal from a particular kind of order, such statute must be complied with on an appeal from such an order."

There seems to be no question as to the position of the Supreme Court on the question of special statutory forms of appeal. A very interesting Court of Appeals case on the subject is *Liephart Lincoln-Mercury, Inc.,* v. *Bowers, Tax Commr.,* 107 Ohio App., 259.

We now turn to the cases directly involving the Industrial Commission and appeals therefrom. We repeat, the Supreme Court has not passed directly upon the question herein raised but it has certainly given some indication of what it might do. We begin with the landmark case on the subject of jurisdiction in appeals from the Industrial Commission. We refer to the case of *Industrial Commission* v. *Ramsey,* 119 Ohio St., 497. We then turn to the case of *Lyons* v. *Industrial Commission,* 42 Ohio App., 132. It is true this is a Court of Appeals case, but it is still regarded as authoritative in the jurisprudence of our state. The third paragraph of the syllabus reads as follows:

"3. Common Pleas Court has no inherent jurisdiction, exclusive of specific enactment, to entertain appeals from Industrial Commission * * *."

It is suggested that an examination of the case of *Industrial Commission* v. *Weigand,* 128 Ohio St., 463, gives further sight into the attitude of the Supreme Court on the question of jurisdiction and venue in appeals from the Industrial Commission. Courts of Appeals throughout the state have followed the doctrine of *Industrial Commission* v. *Ramsey,* as can be seen by examining *Purtee* v. *General Motors Corp.,* 78 Ohio Law Abs., 92 (Second District Court of Appeals), and *Hovanec* v. *Scanlon, Admr. Bureau of Workmen's Compensation,* 78 Ohio Law Abs., 376 (Seventh District Court of Appeals). The Eighth District Court of Appeals, on July 7, 1960, passed directly upon the question before us in the case of *Alloway* v. *Young, Admr.,* No. 25158 on the docket of the Court of Appeals of Cuyahoga County. Much to our disappointment there was no opinion written in that case; however, the entry in the above-captioned case includes the following language:

"* * * in that appellants purported appeal to the Court of Common Pleas of Cuyahoga County was from an order of the Industrial Commission of Ohio refusing to permit an appeal by appellant to it from a decision of a Regional Board of Review,

in that the attempted appeal from the Industrial Commission of Ohio to the Court of Common Pleas of Cuyahoga County, under the clear facts appearing on the record, was null and void under the plain provisions of Secs. 4123.516-4123.519 of the Revised Code and in that the Common Pleas Court of Cuyahoga County was without jurisdiction.''

This is exactly the situation we have before us. In the Cuyahoga County case, as in our cases, the claimant appealed from the order of the Industrial Commission refusing to entertain an appeal from the regional hearing board, and the date contained in the notice of appeal was the date of the order of the commission rather than the date of the decision of the regional hearing board. The previously quoted section of the statute requires that notice of appeal shall contain: 1. The names of the claimant and employer; 2. The number of the claim; 3. The date of the decision appealed from; and 4. The fact that the appellant appealed therefrom. It is apparent that there are four requirements that must be complied with by an appellant if he wishes to avail himself of the right of appeal and invoke the jurisdiction of the Common Pleas Court. In all four of the notices of appeal before us the appellants failed to comply with half of these requirements, namely, to state the decisions appealed from and the dates of the decisions appealed from. The conclusion we reach is inescapable after applying the rulings and interpretations applied to like statutes in tax appeals, bureau of unemployment compensation appeals, special statutory appeals by the Supreme Court, and three other Courts of Appeals of this state upon the identical question. That conclusion is, this special appellate section is jurisdictional and the notice of appeal must comply strictly with the requirement of the statute in order to invoke the jurisdiction of the Common Pleas Court. There is no way by which an appeal can be taken other than in the manner set forth in the statute and by a full and complete compliance with the requirements therein contained. It follows that the first assignment of error is not well taken.

The second assignment of error deals with the proposition that the appellant should be permitted to amend a defective notice of appeal after the passage of 60 days. What we say

hereafter applies only to Case No. 6429. In that case the notice of appeal was filed in the Common Pleas Court of Franklin County, Ohio, on October 11, 1959. Contemporaneously therewith a petition was filed. On October 29, 1959, the appellee General Motors Corporation filed a motion attacking the petition. In disposing of that motion on November 6, 1959, the trial judge turned on the alarm bell and started the warning lights flashing by using this language in his ruling upon the motion filed by the appellee:

"Petition does not allege that Industrial Commission allowed an appeal to it and then made an order of affirmance, but that it *refused* the appeal. See Sec. 4123.516, R. C. Thus it is the order of the board of review that is being appealed from."

In spite of this, no motion to amend the obviously defective notice of appeal, even though the appellant subsequently filed two amended petitions, was made until March 17, 1960. Certainly we cannot say that the motion to amend was seasonably made. The following cases shed some light upon our problem and we turn again to the cases that apply by analogy. The first of these is our old friend, *American Restaurant & Lunch Co.* v. *Glander, Tax Commr., supra* (147 Ohio St., 147). The third paragraph of the syllabus of that case reads as follows:

"3. Such notice of appeal filed within the 30-day limitation prescribed by Section 5611, General Code, may not be so amended after the expiration of such period as to comply with the other mandatory requirements of such section."

The appellant herein has urged that the saving provisions of Chapters 2305 and 2309 of the Revised Code apply to the situation before us and that in the furtherance of justice an amendment should be permitted. This certainly would be true if this was an appeal contemplated and provided for in Chapter 2505 of the Revised Code, but that is not the case. In *Purtee* v. *General Motors Corp., supra* (78 Ohio Law Abs., 92), the identical question was passed upon. The second paragraph of the headnotes of that case states:

"2. Section 4123.51, Revised Code, providing for the filing of a petition for review from an order of the Industrial Commission within sixty days after receipt of notice of the action of the Commission is a special statute prescribing the time

within which a claimant under the Workmen's Compensation Act may file his petition in the Court of Common Pleas and the provisions of Section 2305.19, Revised Code, prescribing the time within which a plaintiff may bring a new action where his original action fails otherwise than on its merits does not apply to such right.''

The third paragraph of the headnotes goes even farther and denies the application of any part of Chapter 2305 of the Revised Code to an appeal from the Industrial Commission. See, also, *Hovanec* v. *Scanlon, Admr. Bureau of Workmen's Compensation, supra* (78 Ohio Law Abs., 376), and *Keen* v. *General Motors Corp.*, 79 Ohio Law Abs., 69. It is also well to recall that the Eighth District Court of Appeals, in its entry disposing of the case of *Alloway* v. *Young, Admr., supra,* said that the attempted appeal was ''null and void.'' It is impossible to breathe life, by amendment or other means, into something in which life has never existed.

We have carefully examined the cases of *Couk* v. *Ocean Accident & Guarantee Corp., Ltd.*, 138 Ohio St., 110; *Richards* v. *Industrial Commission*, 163 Ohio St., 439; and *Hunt* v. *Rohrbaugh Enterprises, Inc.*, 171 Ohio St., 92, and find by the very terms used in the opinions in those cases that the rationale therein contained does not apply to the case before us. In the above-cited cases all the appeals were made pursuant to Chapter 2505 of the Revised Code and were not appeals made pursuant to a special statutory provision.

Section 4123.519, Revised Code (128 Ohio Laws, 743, 753, 754), specifically provides that within thirty days after the filing the notice of appeal a petition must be filed in the Common Pleas Court setting forth the basis for jurisdiction and the issues. The statute further provides:

''* * * Further pleadings shall be had in accordance with the rules of civil procedure, provided, however that service of summons on such petition shall not be required. * * *''

The Legislature in its wisdom specifically provided in the appeal section in Industrial Commission cases that the rules of civil procedure did not attach to appeals until after the filing of the petition. The import of this provision is that Chapters 2305 and 2309 can never have any application to the procedure

in these appeals or the pleading filed therein that precede the filing of the petition.

Here again there seems to be one conclusion that we may reach and that is, that after the expiration of the sixty-day period no amendment to the notice of appeal may be permitted. The second assignment of error is not well taken.

Having decided the jurisdictional questions raised by the first two assignments of error in the manner in which we have, we are deprived of the right to pass upon the third assignment of error, as it involves a question of substantive law upon which we cannot rule. We have held that the Common Pleas Court was without jurisdiction and, therefore, cannot pass upon any question beyond that.

The judgments herein appealed from are hereby affirmed.

*Judgments affirmed.*

GILLEN, P. J., and COLLIER, J., concur.

GILLEN, P. J., COLLIER and RADCLIFF, JJ., of the Fourth Appellate District, sitting by designation in the Tenth Appellate District.