Per Curiam.

The single issue raised by these cases is whether, when the Industrial Commission refuses an appeal from an order of a Regional Board of Review, an appeal to the Court of Common Pleas may be taken from such refusal or whether the appeal must be taken from the decision of the Regional Board of Review.
In Starr v. Young, Admr., 172 Ohio St., 317, this court in considering a defective notice of appeal filed under Section 4123.519, Revised Code, the appeal provisions of the Workmen’s Compensation Act, said:
“This is a special statute applying to appeals from decisions of the Industrial Commission and controls over general statutes covering appellate procedure. The above-quoted mandatory provisions are jurisdictional and must be strictly complied with.”
It requires only an examination of Section 4123.519, Revised Code, to determine that it requires no construction. This section reads in part as follows:
“The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. Like appeal may be taken from a decision of a regional board from which the commission has refused to permit an appeal to the commission provided, however, that the claimant may take an appeal from a decision of *466 the administrator on application for reconsideration or from a decision of a regional board.” (Emphasis added.)
The statute is clear on its face. After providing for an appeal from a decision of the Industrial Commission, the section provides for an appeal when the Industrial Commission refuses to permit an appeal from a Regional Board of Review. The statute clearly states that, where an appeal is refused by the commission, an appeal may be taken from the decision of the Regional Board of Review to the Court of Common Pleas.
This court having determined in Starr v. Young, supra, that this section must be strictly complied with, it is obvious that no appeal lies from an order of the Industrial Commission refusing to permit an appeal. In such a case, the appeal necessarily must be from the decision of the Regional Board of Review.
See Gordon v. Young, Admr., 113 Ohio App., 81.
The judgments of the Court of Appeals are reversed and those of the Court of Common Pleas affirmed.

Judgments reversed.

Zimmerman, acting C. J., Radcliee, Matthias, Bell, Herbert and O’Neill, JJ., concur.
Taet, J., dissents.
Zimmerman, J., sitting in the place and stead of Weygandt, C. J. .
Radclife, J., of the Fourth Appellate District, sitting by designation in the place and stead of Zimmerman, J.