CUNNINGHAM, APPELLEE, *v.* YOUNG, ADMR., BUREAU OF
WORKMEN'S COMPENSATION, APPELLANT, ET AL.

(No. 9307—Decided October 7, 1963.)

*Messrs. Hoover, Beall & Eichel* and *Mr. John H. Hermanies,*
for appellee.
*Mr. William B. Saxbe,* attorney general, *Mr. Robert M.
Duncan* and *Mr. Alvin C. Vinopal,* for appellant.
*Messrs. Taft, Stettinius & Hollister* and *Mr. L. A. Obenshain,* for Frank Messer & Sons, Inc.

HILDEBRANT, J. Plaintiff filed a claim for death benefits
with the Industrial Commission. The Administrator of the
Bureau of Workmen's Compensation disallowed the claim. On
appeal to the Dayton Regional Board, the claim was disallowed
and the order of the administrator affirmed.

On appeal to the Industrial Commission from the Dayton
Regional Board, that body entered the following order:

"It is the order of the commission that the appeal of Lucille Cunningham filed January 16, 1958, from the order of the
Dayton Regional Board of Review be refused, and that copies
of this order be sent via registered mail to all parties interested."

Within the statutory time, plaintiff filed on May 19, 1958, a
notice of appeal and a petition in the Common Pleas Court. The
notice of appeal is quoted as follows:

"Notice is hereby given of an appeal by Lucille Cunning-

ham, plaintiff-appellant, from an order of the Industrial Commission of Ohio dated April 21, 1958 and received by her on April 22, 1958. Lucille Cunningham appeals to the Court of Common Pleas of Hamilton County of Ohio for the reason that the Industrial Commission of Ohio refused her appeal from the order of the Dayton Regional Board of Review which denied her application for death benefits by reason of the death of her husband, George Cunningham, Sr., as not being the result of an injury sustained in the course of and arising out of his employment on July 27, 1956.

"This appeal is taken in accordance with Revised Code Section 4123.519."

Defendants filed a motion to dismiss the appeal on jurisdictional grounds, which was overruled by the court, and, upon trial, a jury returned a verdict in favor of plaintiff's right to participate in the State Insurance Fund. Defendants' motions at close of plaintiff's case, later renewed, and *non obstante veredicto* and for new trial were all overruled by the court.

In *Starr* v. *Young, Admr.*, 172 Ohio St., 317, at page 318, the court said of Section 4123.519:

"This is a special statute applying to appeals from decisions of the Industrial Commission and controls over general statutes covering appellate procedure. The above-quoted mandatory provisions are jurisdictional and must be strictly complied with."

In *Parker* v. *Young, Admr.*, 172 Ohio St., 464, after quoting pertinent parts of the statute, the court at page 466 said:

"The statute is clear on its face. After providing for an appeal from a decision of the Industrial Commission, the section provides for an appeal when the Industrial Commission refuses to permit an appeal from a Regional Board of Review. The statute clearly states that, where an appeal is refused by the commission, an appeal may be taken from the decision of the Regional Board of Review to the Court of Common Pleas.

"This court having determined in *Starr* v. *Young, supra*, that this section must be strictly complied with, it is obvious that no appeal lies from an order of the Industrial Commission refusing to permit an appeal. In such a case, the appeal necessarily must be from the decision of the Regional Board of Review. See *Gordon* v. *Young, Admr.*, 113 Ohio App., 81."

Also, see, *Johnson* v. *Young, Admr.*, 117 Ohio App., 424.

From the foregoing it is clear that defendants' motion to dismiss on jurisdictional grounds should have been granted.

However, plaintiff contends the above-cited authority is not controlling for the reason that within the time to appeal, in this case simultaneously with the notice of appeal, she filed a petition in the Common Pleas Court containing all of the requirements of the notice under Section 4123.519, Revised Code, and that, therefore, any defects in the notice were cured.

The petition does not contain all the requirements of the notice as it does not give the date of the decision of the Dayton Regional Board of Review, nor state the fact that the appeal is from that decision. Even so, we cannot agree with plaintiff's contention for the reason that the petition is not a notice under Section 4123.519, Revised Code, and is filed in a forum whose jurisdiction has not been properly invoked and, therefore, is without any jurisdiction to, as plaintiff contends, stretch the liberal construction statute (Section 4123.95) of the Revised Code so as to confer jurisdiction upon it by acquiescence, consent or agreement.

The judgment is reversed upon the authority cited above. In view of our decision on the jurisdictional question, we do not attempt to pass upon errors assigned upon the merits. The cause will be, and hereby is, remanded for further proceedings according to law.

*Judgment reversed.*

HOVER, P. J., and LONG, J., concur.